## J. W. BLACK LUMBER CO. *v.* KINGMAN PLOW CO.

## Opinion delivered June 25, 1917.

1. SALES—FARM IMPLEMENTS—REPAIRS—CUSTOM.—Where farm implements were purchased, if a custom to furnish repairs and parts prevailed, in the absence of an understanding between the parties, the seller is bound to furnish the same only for a reasonable time.

2. EQUITY JURISDICTION—EXTENT.—Where equity jurisdiction has been invoked by the appellant to determine the validity of a contract, the power of the court extends over all matters connected with the original bill, whether presented by answer or cross-bill.

Appeal from Clay Chancery Court, Western District; *Chas. D. Frierson,* Chancellor; affirmed.

*G. B. Oliver,* for appellant.

1. A buyer may rescind the contract of purchase of implements on hand, where there has been a breach of the condition of a contract in some essential or substantial particular, which goes to the essence of the contract and renders the defaulting party incapable of performance. 35 Cyc. 135, 2A. Here the proof is conclusive of the custom to furnish repair parts, and that the failure and refusal rendered the implements useless and of no value.

2. The notes were each for $100.00 and exclusively within the jurisdiction of a justice of the peace. Art. 7, § 40 Const.; 19 L. R. A. (N. S.) 1064-5; 1 Ark. 31; 37 *Id.* 164. The chancery court had no jurisdiction.

The appellee *pro se.*

1. Hammond had no authority to make the contract to furnish repairs for *eternity.* Appellee furnished repairs for a reasonable time, so long as it was able to do so. Appellee was not bound by Hammond's agreement— he was only a collector. 2 Corp. Jur. 555; 74 Ark. 557; 11 *Id.* 189; 64 *Id.* 217; 55 *Id.* 270; 187 S. W. 39; 2 Corp. Jur., § 202.

2. The alleged representation of Hammond is not binding, as it was promissory merely and not a misstatement of existing facts, and appellee is not estopped. 191 S. W. 922.

3. The alleged representation was merely a matter of opinion, but if the agreement was made it was not to be performed within a year. 20 Cyc. 239. It was not in writing. 80 Ark. 276.

4. The custom was not proven. 12 Cyc. 1040; 19 Ark. 270; 89 *Id.* 591; 81 *Id.* 549; 90 *Id.* 70; 48 Ga. 601.

5. The court having jurisdiction, invoked by appellant, had jurisdiction to dispose of the whole controversy. 76 Pac. 767; 16 Cyc. 124; 17 Ark. 340; 37 *Id.* 164.

*G. B. Oliver,* for appellant, in reply.

1. The custom was part of the contract. Bishop on Cont., § 457; 9 Cyc. 582 C. 1, 2.

2. The court had no jurisdiction on the cross-bill. 11 Cyc. 673, 5, 699-2. Consent can not give jurisdiction. 33 Ark. 31; 88 *Id.* 1; 90 *Id.* 195; 34 *Id.* 399; 85 *Id.* 213.

HUMPHREYS, J. Appellant brought suit against appellee in the Western District of the Clay Chancery Court to rescind a contract for the purchase of farming implements, for the alleged reason that appellee had refused to carry out the terms of the contract by supplying repairs for the implements; and to impound and cancel four $100 notes appellant had executed and delivered to appellee in payment for the implements. The complaint alleged that the notes were executed to appellee upon promise that it would furnish, or cause to be furnished, to appellants, repairs and parts with which to repair said implements; that appellant was a non-resident of the State with no agent in the State upon whom service could be made; that the First National Bank of Corning had possession of said notes for collection. Appellee answered, admitting the execution and delivery of the notes by appellant, but denying that the implements were sold under contract to furnish repairs and parts or that the notes were executed in pursuance of such a promise; and, by way of cross-complaint, alleged that appellant had executed and delivered to appellee four notes of $100 each, due and payable on the first day of May, June, July and August, 1916, bearing interest at the rate of

8 per cent. per annum from date until paid, in settlement of balance due for said implements; that after the sale of the implements, appellee became insolvent and discontinued the operation of its factory and could no longer furnish repairs and parts for the implements it had sold to appellant.

The cause was heard upon the pleadings and evidence adduced, upon which the court decreed a dismissal of the bill for want of equity, and rendered judgment in favor of appellee upon its cross-bill in the sum of $469.00 with interest from October 5, 1906, at the rate of 8 per cent. per annum.

From that decree an appeal has been prosecuted to this court.

(1) The implements in possession of appellant at the time this suit was instituted were purchased from appellee in 1912 and 1913. Payments were made from time to time but in the fall of 1914 the account was closed by the execution of notes. On February 15, 1916, appellant executed the notes constituting the basis of this suit in renewal of the notes given in the fall of 1914. The original notes executed in 1914 were obtained by a Mr. Hammond, collecting agent of appellee, who stated that appellee would continue to furnish repairs for the implements. Appellee had not invested Mr. Hammond with authority to make an agreement to furnish repairs and parts for implements. Neither was it informed that such an agreement had been made. The evidence is conflicting as to whether the renewal notes sued upon were executed before or after appellee had failed to furnish repairs and parts for the implements. No specific contract was made for repairs and parts at the time the implements were purchased in 1912 or 1913. It was customary for manufacturers who sold implements at Corning to sell repairs and parts for them. Appellant's testimony is to the effect that they bought the implements with this custom in view. M. G. Hoffman testified that they were unable to get any repairs and parts after the spring of 1915. If the custom prevailed and became

a part of the contract, the most favorable construction a buyer could invoke would be to hold the seller bounden to furnish repairs and parts for a reasonable time. We think if appellee furnished parts and repairs through the spring of 1915, for implements furnished in 1912 and 1913, its contract was performed in all good conscience and equity. Especially is this so, in view of the fact that appellee became insolvent and was unable to continue the manufacture of the repairs and parts; and in view of the further fact, that the notes were renewed and extended on February 17, 1916. The chancellor's finding and decree on the merits of the original bill is in accordance with the weight of evidence and our construction of the contract.

(2) It is contended by appellant that the cross-bill should have been dismissed also, for the reason that it asked affirmative relief on matters purely legal in nature; and in amount within the exclusive jurisdiction of a justice of the peace. Each note was for $100.00, exclusive of interest, and within the exclusive jurisdiction of a justice of the peace, under section 40, article 7, of the Constitution.

Appellee contends for the rule, that equity having acquired jurisdiction for one purpose will administer complete relief. In discussing the rule that relief of a purely equitable nature can not be given in an action properly begun and prosecuted at law, Mr. Justice EAKIN, in the case of *Little Rock & Ft. Smith Ry. Co.* v. *Perry,* 37 Ark. 164, said:

"With regard to actions begun in chancery, which upon their face appear to be exclusively and wholly cognizable at law, as for instance, a bill to obtain judgment upon a note, or an ejectment bill without equitable elements, the rule is the same. It is always, however, to be borne in mind that if there be any equitable element to which the jurisdiction of a court of chancery may attach, then by the old doctrine, the court in the same proceedings may administer all legal relief connected with the

subject-matter and essential to do full and complete justice at once to all parties before it.''

In the instant case, appellant selected the forum and alleged matter peculiarly within the jurisdiction of a court of equity. The notes in question were drawn into the suit, impounded and sought to be canceled. They are directly connected with the subject-matter alleged in the original bill. Unnecessary multiplicity of actions is abhorred by the law. The very object of a cross-bill should be to enable parties to adjust all differences, growing out of the same transaction, in the same suit. In the instant case, appellant brought appellee into court touching the validity of the notes sought to be enforced by cross-bill. The subject-matter of the original bill and cross-bill is one and the same thing, so interwoven that no distinction can be made between the one or the other. The equity jurisdiction having been invoked by appellant to determine the validity of the contract, we think the power of the court extended over all matter connected with the original bill, whether presented by answer or cross-bill.

No error appearing, the decree is, in all things, affirmed.