# JANUARY TERM, 1876.

---

### The People on the relation of Edwin W. Worden v. The Judge of Manistee Circuit.

*Writ of error: Bond to stay execution: Return made: Order nunc pro tunc: Supersedeas.* After return made of writ of error the circuit court has no authority, where no bond under the statute (*Comp. L. 1871, § 7122*) has been filed to stay or supersede execution, to allow a bond to be filed *nunc pro tunc* and operate as a *supersedeas;* the power, if any, after return to grant such relief is in the supreme court.

*Heard and decided January 4.*

Application for *Mandamus.*

The respondent at chambers, upon the *ex parte* application of the attorneys of a plaintiff in error who "at the time of serving the writ" of error (*Comp. L. 1871, § 7122*) had neglected to file a bond to stay or supersede execution, ordered that plaintiff in error have leave to file such bond *nunc pro tunc*, and thereby have recalled a previously issued execution. The application for such order, and the order, were both made after return had been made to the supreme court of the writ of error. Application is now made by defendant in error, upon notice and appearance by respondent, for *mandamus* to vacate such order.

*S. W. Fowler*, for relator.

*L. D. Norris*, for respondent, cited *Comp. L. 1871, § 4949*, and argued that the order complained of was in its nature a writ of *supersedeas*, and that although the writ of error brought the record to the supreme court, yet the execution issuing, if at all, from the circuit, that

court would seem to be the proper tribunal to control it; and further, that the provision as to the precise day of filing the *supersedeas* bond might wisely be held directory.

THE COURT held that if any power existed after return made to the writ of error, to allow the bond to be filed *nunc pro tunc* and operate as a *supersedeas*, it was in the supreme court, where the judgment had been removed, and that the circuit court had no authority to make the order complained of.

Writ granted.