SMITH *v.* SCHOOL DISTRICT NO. 6, FRACTIONAL, AMBER TOWNSHIP.

1. STATUTES — CONSTRUCTION — "MAY" AND "SHALL" SHOULD BE GIVEN ORDINARY MEANING UNLESS CONTRARY INTENT EVIDENT.
    In construing a statute, courts should give to the permissive word "may" and to the mandatory word "shall" their ordinary and accepted meaning unless to do so would frustrate the legislative intent.

2. SCHOOLS AND SCHOOL DISTRICTS — STATUTES—ELECTION—ADOPTION OF STATUTE OPTIONAL.
    The adoption of Act No. 219, Pub. Acts 1925, amending Act No. 275, Pub. Acts 1915, relating to division of school

[1]Statutes, 36 Cyc. p. 1160; 25 R. C. L. 768; 5 R. C. L. Supp. 1344; [2]Schools and School Districts, 35 Cyc. p. 990.

districts into election precincts, registration of voters, and holding elections, is construed, by the use of the word "may" in section 1, to be optional with school boards, but if adopted the provisions of the act are mandatory.

3. SAME—BONDS—ELECTION AUTHORIZING ISSUE OF BONDS VALID. Where a school board had not adopted said act, its provisions were not applicable to the district, and, therefore, an election therein authorizing an issue of bonds for school purposes was not void because its provisions in reference to elections were not followed.

Appeal from Mason; Cutler (Hal L.), J.    Submitted October 13, 1927.    (Docket No. 117.)    Decided January 3, 1928.

Bill by Thomas D. Smith and others against school district No. 6, fractional, Amber township, Mason county, and others to enjoin the issue of school bonds. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Howard L. Campbell,* for plaintiffs.

*W. G. Alway* (*A. A. Keiser,* of counsel), for defendants.

FELLOWS, J.    A special meeting of the electors of defendant district was held on January 21, 1927, at which it was voted to issue the bonds of the district in the sum of $40,000, the proceeds to be used in erecting and furnishing a new addition to the main building.    Plaintiffs, taxpayers of the district, file this bill to restrain such action.    They insist that Act No. 219, Pub. Acts 1925, then in force (now repealed by Act No. 319, Pub. Acts 1927), was applicable to the district without the referendum provided for in the former act, to which we shall presently refer, and without action by the board of education, that the act was not followed, hence the election was void.    Defendants

---

[3]Schools and School Districts, 35 Cyc. p. 990.

concede that the district is in a city of the fourth class, that the provisions of the act were not followed, and if they are applicable the election was void, but they insist that the act was never adopted by a referendum vote or action of the board of education, and, therefore, is not applicable to defendant district. While there are other allegations in the bill they are not sustained by proof and the clear-cut issue above stated is before us.

The original act, Act No. 275, Pub. Acts 1915 (2 Comp. Laws 1915, § 5841 *et seq.*), provided for the division of the districts into voting precincts, made quite extensive provision for registration, the conduct of elections, canvassing of votes, and manner in which persons could become candidates. By section 8 (§ 5848) the act could not become applicable to any district except by referendum vote. The act was amended by Act No. 303, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5842), unimportant here. By the act of 1925, section 8 was repealed. Section 1 of the act of 1925 reads as follows:

"The board of education of any school district, except primary school districts, may form said districts into one or more voting precincts as shall be necessary, and shall provide for the registration of voters, and for elections therein suitable ballot boxes, poll lists and other supplies or equipment as may be necessary or proper. Such voting precincts shall be made at least thirty days previous to the first election after this act becomes operative in any district."

It will be noted that the permissive word "may" is used in the first sentence of this section. In many of the other provisions of the act the mandatory word "shall" is used and it is urged by plaintiffs that, by reason of the mandatory provisions of the act running through its entire structure, we should construe all the first section to be mandatory. Courts have not infrequently construed the word "may" to mean

"shall" and *vice versa.*      But this has been done to effectuate the legislative intent.      It should not be done to stifle that intent.      Here the legislature has used both the word "may" and the word "shall," and we should give them their ordinary and accepted meaning unless so to do would frustrate the legislative intent.      We are satisfied that a proper construction of the act requires the giving of the words their ordinary and accepted meaning.      By the use of the word "may" in the first section, the legislature authorized and permitted the board of education to come under the provisions of the act if it so desired.      By the use of the word "shall" in the other portions of the act it was the legislative intent that if the board of education adopted the act, then such other provisions became mandatory and the board of education became bound to follow and enforce them.      In other words, districts "may" come under the provisions of the act.      If they do its provisions "shall" be followed. This construction, we think, is the logical one.      There are large districts in the State where such provisions are desirable; there are small ones like defendant where the additional expense is unnecessary and the provisions undesirable.      By making it optional with the board of education whether it should be adopted or not both classes were permitted to determine for themselves as their needs required.      The view that this was the legislative intent is strengthened by the language of section 9.      Without detailing all the language persuasive in that section, we find difficulty in reconciling the claim that when the act took effect it *ipso facto* applied to all districts whether they had elected to come under the act or not, with the opening language of this section which is as follows:      "If any election district has come under the provisions of this act," etc.      If it was the legislative intent that all districts automatically came under the provisions of the

act, these words are quite inapt to express such intention.

The decree dismissing plaintiffs' bill will be affirmed, with costs of this court.

FLANNIGAN, C. J., and WIEST, CLARK, McDONALD, BIRD, and SHARPE, JJ., concurred.

The late Justice SNOW took no part in this decision.