HENDRICKS *v.* McCAUSEY.

1. APPEAL AND ERROR—COMMON LAW—SUPERSEDEAS.

At common law a writ of error is a supersedeas from the time of the allowance and that is notice of itself.

2. SAME—COMMON LAW—NOTICE—SUPERSEDEAS.

At common law, if a defendant in error have notice before allowance of a writ of error, such writ is from the time of that notice a supersedeas, but if a writ of execution be executed before a writ of error is allowed or notice had, it may be returned afterwards.

3. EXECUTION—COMMON LAW—RETURN.

At common law the utmost length of time the law allows for executing a writ of execution is the day whereon the writ is returnable and it is not executable any longer that day than the court sits.

4. APPEAL AND ERROR—EXECUTION—SUPERSEDEAS.

So long as a writ of execution is executable but not executed, the allowance of a writ of error is a supersedeas, but not afterwards.

5. SAME—SUPERSEDEAS BOND—DISCOVERY—JUDGMENT CREDITOR—STATUTES.

In action wherein defendants recovered a judgment against plaintiff by way of set-off and recoupment and plaintiff took a general appeal in the nature of a writ of error therefrom but filed no supersedeas bond, denial of plaintiff's motion to quash order granting discovery on oath and a restraining order against plaintiff in action at law in nature of judgment creditor's bill authorized by statute was not error (3 Comp. Laws 1929, §§ 15124–15139, 15492; Court Rule No. 62, § 1 [1933]).

6. SAME—COLLECTION OF JUDGMENT IN ABSENCE OF SUPERSEDEAS BOND.

A judgment creditor with knowledge of a pending appeal has a right to proceed at his own risk to take all steps and proceedings provided by law to collect his judgment when no supersedeas bond has been filed (3 Comp. Laws 1929, §§ 15124–15139, 15492; Court Rule No. 62, § 1 [1933]).

7. COSTS—BRIEFS.

> Upon affirmance of order of circuit court overruling motion to quash supplementary proceedings at law in nature of judgment creditor's bill by defendants who recovered a judgment by way of set-off and recoupment, no costs are allowed where defendants failed to file a brief.

Appeal from Kent; Brown (William B.), J. Submitted June 6, 1941. (Docket No. 18, Calendar No. 41,591.) Decided September 3, 1941.

*Louis H. Grettenberger,* for plaintiff.

BUTZEL, J. E. L. McCausey and Lena McCausey, defendants and appellees, recovered a judgment for a substantial amount against Herman Hendricks, plaintiff and appellant, by way of set-off and recoupment. A writ of execution was issued December 24, 1940. On January 6, 1941, plaintiff filed his claim of appeal from said judgment, taking "a general appeal in the nature of a writ of error." He filed no supersedeas bond. On January 22, 1941, the writ of execution was returned and filed, unsatisfied. Thereafter defendants instituted the present proceedings, supplementary to execution, in the cir-

cuit court which had rendered the judgment in their favor. These proceedings are at law, in the nature of a judgment creditor's bill, as authorized by 3 Comp. Laws 1929, §§ 15125–15139 (Stat. Ann. §§ 27.2171–27.2185). In accordance with defendants' petition, the court granted an order for discovery on oath and a restraining order against plaintiff on January 28, 1941. Plaintiff appeals from the denial of a motion to quash this order.

The effect of a writ of error at common law as a stay of execution is well expressed by the following excerpt from *Perkins* v. *Woolaston* (K. B. 1704), 1 Salk. 321, 322 (91 Eng. Rep. 284):

"A writ of error is a *supersedeas* from the time of the allowance, and that is notice of itself; but if the defendant [in error] have notice before allowance, it is from the time of that notice a *supersedeas*; but if a writ of execution be executed before a writ of error allowed, or notice, it may be returned afterwards. The utmost length of time the law allows for executing a writ, is the day whereon the writ is returnable; and it is not executable any longer that day than the court sits. So long as it is executable, but not executed, the allowance of a writ of error is a *supersedeas*, but not afterwards."

In Michigan, however, change of law on this subject has been wrought by statute and rule of court. 3 Comp. Laws 1929, § 15492 (Stat. Ann. § 27.2592), provides:

"No writ of error shall operate to stay or supersede the execution in any civil action, unless the appellant with two sufficient sureties shall give bond to the appellee with condition that the appellant shall prosecute his writ to effect, and shall pay and

satisfy such judgment as shall be rendered against him thereon.''

And Court Rule No. 62, § 1 (1933), provides:

''No appeal   *   *   *   shall operate as a stay of execution unless and until an appeal bond to the adverse party   *   *   *   shall be filed.''

Plaintiff relies on *Scott* v. *Scott,* 255 Mich. 663, 665, 666, a divorce case, wherein the appeal from a chancery decree was in the nature of a trial *de novo* (*Bolthuis* v. *Bolthuis,* 233 Mich. 584). There is something repugnant in the proposal that a trial *de novo* may be proceeding in the Supreme Court while simultaneously in the circuit court the decree appealed from is being enforced. There is nothing in *Scott* v. *Scott, supra,* which would suggest that the present proceedings may not be brought, for they are *attached by law* to the judgment, which is indeed made a condition precedent to their being brought (3 Comp. Laws 1929, § 15125 [Stat. Ann. § 27.2171]).

Plaintiff also relies on *People, ex rel. Worden,* v. *Manistee Circuit Judge,* 33 Mich. 111, which, if at all relevant to the present case, indicates that where a supersedeas bond is not filed, a writ of error does not stay execution. And if it does not stay execution, it follows that statutory proceedings supplementary to execution are not stayed thereby.

We shall not comment on cases from other jurisdictions cited by plaintiff as we find nothing in them that changes our views. It would indeed be a strange anomaly for a court to permit a judgment debtor without giving a supersedeas bond to take an appeal and, during the long period until its final disposition, tie the judgment creditor's hands, while in the meantime the judgment debtor may conceal or dispose of his assets, so that the judgment if affirmed may become worthless. A judgment creditor

with knowledge of a pending appeal has a right to proceed at his own risk, to take all steps and proceedings provided by law to collect his judgment when no supersedeas bond has been filed.

The order of the circuit court overruling plaintiff's motion to quash the supplementary proceedings is affirmed, but without costs as appellees failed to file a brief.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, STARR, and WIEST, JJ., concurred.