MICHIGAN BEAN CO. *v.* BURRELL ENGINEERING & CONSTRUCTION CO.

1. Equity—Jurisdiction—Question as to Nature of Contract.
Determination of whether contract for erection of a building was for a fixed amount or whether for cost plus a percentage, as claimed by defendant, was purely a question of fact determinable in action at law and not a question calling for exercise of equity jurisdiction.

2. Jury—Action at Law.
Law actions must be brought on the law side of the court where the parties may have the benefit of a trial by jury.

3. Equity—Adequate Remedy at Law.
A plaintiff is not entitled to equitable relief when he has an adequate remedy at law and no ground for equitable relief is disclosed by the proofs.

4. Same—Jurisdiction—Evidence—Countercharge—Waiver.
In suit by property owner against building contractor and materialmen, who are alleged to have filed liens against plaintiff's property, for damages for alleged failure to complete the contract, to recover alleged overpayment, for alleged loss through delay in completing contract, to remove alleged clouds on plaintiff's title arising from liens alleged to have been filed, to avoid a multiplicity of suits and to restrain defendant contractor from bringing an action at law, where proofs failed to support claims for equitable relief, the mere fact that after injunction was issued defendant contractor filed a countercharge based on amount alleged yet to be due did not thereby waive his right to question jurisdiction of chancery court. .

5. Appeal and Error—Supersedeas Bond—Execution.
An appellant's failure to file a supersedeas bond on appeal does not preclude it from appealing but does subject it to risk of having a writ of execution issued during the time appeal was pending.

Adequacy of remedy as affecting right to equitable relief, see 2 Restatement, Contracts, § 358.

6. Same—Dismissal of Bill—Transfer of Causes.
 Upon reversal of decree for money judgment where plaintiff
  had failed to prove his right to equitable relief, bill is dis-
  missed by Supreme Court without prejudice to rights of
  either party to transfer case to law side of court by filing
  declaration within 30 days after entry of decree in Supreme
  Court.

Appeal from Saginaw; O'Neill (James E.), J. Submitted April 8, 1943. (Docket No. 23, Calendar No. 41,977.) Decided September 7, 1943.

Bill by Michigan Bean Company, a Michigan corporation, against Burrell Engineering & Construction Company, an Illinois corporation, and others to quiet title to real estate, to determine amount due under contract, and for a money decree. Counter-charge by defendant Burrell Engineering & Construction Company against plaintiff for money judgment. Money decree for plaintiff against Burrell Engineering & Construction Company only. Defendant appeals. Reversed without prejudice to transferring cause to law side of court within 30 days.

*Weadock & Weadock,* for plaintiff.

*John T. Spence* and *Harry J. Myerson* (*Theodore E. Rein,* of counsel), for defendant.

Butzel, J. The Michigan Bean Company filed a bill, entitled a "Bill to remove cloud on title and for injunction," against Burrell Engineering & Construction Company, an Illinois corporation (referred to herein as "Burrell") and four materialmen, three of whom it is alleged had filed claims for liens against plaintiff's property. The litigation arose out of a contract entered into by Burrell to erect for

plaintiff an elevator, warehouse and office building which were constructed on plaintiff's property at Merrill, Michigan. Plaintiff claimed that the price agreed upon was a fixed amount, while Burrell contends it was to be paid cost plus 15 per cent. Plaintiff alleged that Burrell had not fully completed the work provided for in the contract, that some of it was defective, that it had overpaid Burrell, and that it had suffered a heavy loss through Burrell's delay in completion of the contract, for which plaintiff asked that Burrell pay a large sum by way of damages. Plaintiff made other allegations in its bill which, if proven, might properly invoke equitable relief. It contended that the four materialmen joined as defendants had conspired with Burrell to file liens or bring suits against plaintiff, that the liens already filed had created a cloud on the title to plaintiff's recovery, that the suits were vexatious, that the bill was also for the purpose of avoiding a multiplicity of suits. , Plaintiff in its brief summarizes its claims in the statement that the bill was "to remove clouds on title, to determine invalidity of liens filed, to specifically enforce the Burrell obligation to write fixed price contract as agreed, to restrain fraudulent claims of baseless cost-plus contract, to avoid multiplicity of suits and for injunction against maintenance of materialmen's baseless, conspirational suits at law and Burrell's fraudulent suits in foreign jurisdiction." The bill, however, does not allege that any such suits were brought in foreign jurisdictions by Burrell. Plaintiff asked in its bill that Burrell and the other defendants be restrained from beginning any actions at law, and upon the filing of the bill, a temporary injunction to that effect was issued.

Burrell made an effort to remove the case to the United States District Court, and before the suit

was remanded to the State court, it filed its answer specifically denying plaintiff's charges and also asserting a countercharge (as provided by the United States court rules *), for which it asked for a judgment in its favor of $9,952.41. This answer, as stated by counsel on the oral argument, was recognized as defendant's answer when all of the pleadings in the United States District Court were subsequently filed in the Saginaw circuit court in chancery.

Plaintiff's claims for equitable relief, as set forth in the bill of complaint, were based on the breach of plaintiff's version of the contract and the suits and actions of the materialmen separately and also in conjunction with Burrell. The bill was not for specific performance, for the contract already had been performed even though, as claimed by plaintiff, the work was improperly done. Upon the final decree, the judge dismissed the bill of complaint as to all defendants except Burrell. This left a plain action at law arising from a dispute over a building contract between plaintiff and Burrell. In the final decree the court gave no injunctive or equitable relief. The dismissal of the bill as to the other defendants with the exception of Burrell stripped the case of all grounds for equitable relief. The decree awarded money damages to plaintiff against Burrell for failure to complete the contract, defective workmanship, delay in performance, and overpayment. The judge filed but a short memorandum opinion and entered a decree. In granting plaintiff a money decree, he necessarily was called upon to determine whether the contract was for a fixed amount, as plaintiff contended, or for cost plus a percentage, as

---

* See Rule No. 13, Rules of Civil Procedure for the District Courts of the United States, effective September 17, 1938.—Reporter.

claimed by defendant. This, however, was purely a question of fact that arises so frequently in an action at law. It was not a question that called for the exercise of equity jurisdiction.

In this State, law actions must be brought on the law side of the court where the parties may have the benefit of a trial by jury. We have steadfastly adhered to the rule that plaintiff is not entitled to equitable relief when he has an adequate remedy at law and no ground for such relief is disclosed by the proofs. *Gogebic Auto Co., Inc.,* v. *Gogebic County Board of Road Commissioners,* 292 Mich. 536; *Koontz* v. *Bay Circuit Judge,* 224 Mich. 463; *James S. Holden Co.* v. *William Tait Realty Co.,* 216 Mich. 633; *Sharon* v. *Fee,* 203 Mich. 152; *Lee* v. *Hedenskoog,* 200 Mich. 427; *Morten* v. *Zevalkink,* 304 Mich. 572. Plaintiff claims, however, that inasmuch as Burrell with its answer made a countercharge for a large sum claimed to be due it from plaintiff, it submitted itself to the jurisdiction of the court and cannot now raise the question of the court's right to adjudicate. Whether the filing of a cross bill seeking legal relief waives the jurisdictional defect is a question on which the authorities are divided, many of the States being largely at variance with the Federal decisions. It has been held that the filing of a cross bill seeking further legal relief does not give a court of equity jurisdiction of the bill where the proofs show only that the plaintiff is entitled to bring an action at law. *Houston* v. *Maddux,* 179 Ill. 377 (53 N. E. 599); *Onorato* v. *Mancini,* 65 R. I. 115 (13 Atl. [2d] 805); *Rosenberg* v. *Century Plainfield Tire Co.* (N. J. Eq.), 110 Atl. 516. A leading case to the contrary is *American Mills Co.* v. *American Surety Co.,* 260 U. S. 360 (43 Sup. Ct. 149, 67 L. Ed. 306). In the latter case, it was shown, however, that the defendant

presented proofs of its countercharge. It did not do so in the instant case. Also, see *Barrett* v. *Gay* (C. C. A.), 25 Fed. (2d) 565; *J. W. Black Lumber Co.* v. *Kingman Plow Co.*, 130 Ark. 107 (196 S. W. 933), in which the filing of a cross bill was held to waive any objection that plaintiff had an adequate remedy at law. In the instant case, however, we base our decision on the fact that defendant was enjoined from maintaining an action at law and thus was forced to file its counterclaim. This was done only after Burrell had been temporarily enjoined from prosecuting an action at law, the injunction being based upon the grounds' for equitable relief otherwise alleged in the bill. Until equitable relief was denied by the dismissal of the bill as to the other defendants, lack of jurisdiction as to Burrell was not manifest. *Cella* v. *Davidson*, 304 Pa. 389 (156 Atl. 99). Since Burrell was foreclosed by temporary injunction from recovering at law on its claim for overcharges and since it could be awarded damages in the equity suit, if equity had jurisdiction, its only remedy was to assert its countercharges with its answer. It could ill afford to risk its claims upon a guess as to whether plaintiff's charges of fraud and conspiracy and beclouding of its title could be proven against the other defendants, and if not, as to whether equity would retain jurisdiction for other reasons. If instead of asking that the bill be dismissed, the materialmen asserting liens had filed cross bills to foreclose their liens, a question might arise as to whether jurisdiction could not thus be acquired. It would be dangerous practice to permit plaintiff to begin an action at law against one defendant on the equity side, make unfounded charges against the other defendants sufficient to give colorable jurisdiction to a court of equity, enjoin the main defendant from bringing an action at law, and

force it to file countercharges, and then upon a dismissal of the only charges upon which equity jurisdiction depended, further deprive the main defendant of his right to have the case heard before a jury. We should be slow to find that Burrell waived a right to trial by jury which it was prevented from asserting by an injunction based upon charges found to be groundless by the decree dismissing the bill as to other defendants charged with conspiracy, beclouding title, et cetera. We need not consider the question of what constituted the real contract between the parties and since the bill should have been dismissed, the judge's finding is not at all decisive. Burrell's failure to file a supersedeas bond on appeal did not preclude it from appealing, but it did subject itself to the risk of having a writ of execution issued during the time the appeal was pending.

Decree may be entered dismissing the bill of complaint, with costs of both courts to defendant Burrell, but without prejudice to the rights of either party to transfer the case to the law side of the court by filing a declaration within 30 days after decree is entered in this court.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.