## BEYERLEIN *v.* ASHBURN.

1. DIVORCE—ARREARS IN ALIMONY—DEATH OF WIFE.

   The right to enforce payment of arrears in alimony provided in decree of divorce for support of wife does not abate upon death of the wife, although courts may ease the burden upon the husband, under appropriate circumstances.

2. GARNISHMENT—SUPERSEDEAS BOND—STAY OF PROCEEDINGS—APPEAL FROM ORDER OF DISMISSAL.

   The filing of a supersedeas bond is a prerequisite to stay of proceedings of an order dismissing a writ of garnishment but not to the consideration by the Supreme Court of the correctness of the trial court's order dismissing garnishment (CL 1948, § 650.21).

3. APPEAL AND ERROR—MOTION TO DISMISS APPEAL—QUESTIONS REVIEWABLE—GARNISHMENT.

   Question raised by motion to dismiss appeal from order dismissing writ of garnishment because of plaintiff's failure to file a bond is not moot, where subsequent to such order the principal defendant proceeded to judgment against the garnishee defendant but latter has an appeal pending from judgment against him, hence evidently still has possession of the money (CL 1948, § 650.21).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation §§ 609, 662.
[2] 3 Am Jur, Appeal and Error §§ 541, 548.

4. GARNISHMENT—COSTS—SUPREME COURT.
    Garnishment is a proper remedy for recovery of costs taxed under decree of the Supreme Court (CL 1948, § 628.1a).

Appeal from Wayne; Miller (Guy A.), J. Submitted April 15, 1952. (Docket No. 87, Calendar No. 45,418.) Decided June 2, 1952.

Divorce proceedings between Dewane Ashburn and John F. Ashburn. On petition of Gerald W. Beyerlein, administrator of the estate of Dewane Ashburn, deceased, to have defendant adjudged guilty of contempt of court. Petition denied and writ of garnishment issued and petition of deceased dismissed. Plaintiff appeals. Reversed and remanded.

*Bloom & Bloom,* for plaintiff.

DETHMERS, J. In conformity with our opinion in *Ashburn* v. *Ashburn,* 329 Mich 314, a decree was entered in this Court vacating an order of the trial court which modified the alimony provisions of a decree of divorce, the effect of this Court's decree being to require defendant husband to continue payment of permanent alimony at the rate of $25 per week and to award costs of appeal to plaintiff, with a remand of the cause to the trial court for further proceedings. Plaintiff then brought garnishment to collect costs of appeal. The trial court, *sua sponte,* dismissed the writ of garnishment by an order entered in this cause. Subsequently plaintiff wife died. There was then due her on account of unpaid alimony, $795. The administrator of deceased wife's estate, having been substituted as plaintiff herein, filed a petition for an order to show cause why defendant should not be held in contempt of court for nonpayment of alimony and praying for a writ of execution for collection thereof. The trial court en-

tered an order denying plaintiff's petition, holding that "the issues involved are controlled by the case of *Sonenfeld* v. *Sonenfeld,* 331 Mich 60" and that "the arrearage of alimony due is abated by the death of the said decedent and is therefore not collectible by the administrator." From such order and the order dismissing writ of garnishment, plaintiff appealed.

Defendant has filed no brief in this Court, but since submission of the case has filed a motion to dismiss that portion of the appeal relating to garnishment on the ground that plaintiff has filed no supersedeas bond to stay enforcement of the order dismissing the writ of garnishment.

We are not confronted here, as in the *Sonenfeld Case,* with undue delay by the wife in seeking to enforce her rights to alimony or a trial court order requiring payment to a full grown son of the alimony arrears due a living wife. That case is in no sense authority for the proposition that the right to enforce payment of alimony arrears abates upon the wife's death. We hold that it does not so abate (see *Hagerty* v. *Hagerty,* 222 Mich 166), although the courts may, under appropriate circumstances, modify the decree to ease the burden on the husband as relates to alimony arrears, as was done in the *Sonenfeld Case.* No reason appears for doing so here.

In support of his motion to dismiss appeal from the order dismissing writ of garnishment, defendant points to the requirement of CL 1948, § 650.21 (Stat Ann § 27.2611) for filing of a bond in order to stay proceedings on appeal and says that, because plaintiff has filed no such bond, defendant has properly proceeded to judgment against the garnishee defendant and that, in consequence, plaintiff's appeal in regard to the garnishment has become moot. The bond is a prerequisite to stay of proceedings but not to consideration by this Court on appeal of the correctness of the trial court's order dismissing garnish-

ment. The affidavit of garnishee defendant's attorney, on file herein, discloses that an appeal by garnishee defendant from defendant's judgment against it is now pending. Nothing to the contrary appearing in the record, garnishee defendant is evidently still in possession of the money. The question raised in relation to the garnishment on this appeal is, therefore, not moot. Garnishment is a proper remedy for recovery of costs taxed under decree of this Court. CL 1948, § 628.1a (Stat Ann 1951 Cum Supp § 27.1855[1]). The order dismissing the writ was in error and is, together with the order denying plaintiff's right to recover alimony in arrears at the time of decedent's death, reversed, vacated and set aside. The cause is remanded for further proceedings in conformity herewith. Costs to plaintiff.

NORTH, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.