SAMUEL REITER PAINTING COMPANY v BILL MIEDLER
HOMES, INC.

Docket No. 77-2251. Submitted June 12, 1978, at Detroit.—Decided
November 7, 1978. Leave to appeal denied, 406 Mich 911.

Samuel Reiter Painting Company brought an action for fraud in
district court against Bill Miedler Homes, Inc., Zeev Miedler,
and several other defendants. The district court entered a
judgment in favor of the plaintiff against Bill Miedler Homes
and Zeev Miedler only. Zeev Miedler appealed to the circuit
court. The Oakland Circuit Court, James S. Thorburn, J., upon
plaintiff's motion to dismiss, dismissed the appeal for the
reason that Miedler did not file a bond in an amount equal to
one and one-quarter times the amount of the district court
judgment. Zeev Miedler appeals by leave granted, alleging that
because he does not wish to stay execution on the judgment he
should not be required to file a stay bond. *Held:*

The court rules governing appeals to the circuit court which
were in effect at the time of Miedler's appeal to circuit court
were worded in language which indicated an intent to make
the provisions mandatory. The filing of a bond in the amount of
one and one-quarter times the district court judgment was a
requirement for appeal of that judgment. The appeal was
therefore properly dismissed.

Affirmed.

N. J. KAUFMAN, P.J., dissents. He would hold that the word
"shall" in the court rules is mandatory *unless* other considera-
tions compel a contrary conclusion, and that the appellant here
has the right to accept the risk of execution on the judgment
without any further risk that the appeal would be dismissed if
no stay bond is filed. Judge KAUFMAN would remand to circuit
court for consideration on the merits.

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 86.
  73 Am Jur 2d, Statutes §§ 204-208.
[2, 5] 73 Am Jur 2d, Statutes §§ 22-25.
[3] 5 Am Jur 2d, Appeal and Error § 1044.
[4] 16 Am Jur 2d, Constitutional Law § 485 *et seq.*
[6] 4 Am Jur 2d, Appeal and Error §§ 364-374.

OPINION OF THE COURT

1. APPEAL AND ERROR—COURT RULES—CONSTRUCTION.

The Court of Appeals is required to give words their normal meaning when construing the language of court rules.

2. WORDS AND PHRASES—MANDATORY LANGUAGE—COURT RULES.

The words "require" and "shall", and the negative "shall not", in a court rule indicate an intent to make the provisions of the rule mandatory.

3. APPEAL AND ERROR—CIRCUIT COURTS—DISTRICT COURTS—BOND—COURT RULES—DISMISSAL OF APPEAL.

A circuit court properly dismissed an appeal from a district court judgment where the appellant did not file a bond in the amount of one and one-quarter times the amount of the district court judgment as required by the court rules in effect at the time the appeal was taken (GCR 1963, 701.7, 705.9).

4. CONSTITUTIONAL LAW—EQUAL PROTECTION—SIMILAR CIRCUM-STANCES AND CONDITIONS.

The right to equal protection of the law is not denied to a person by a state law or course of procedure where the same law or course of procedure would have been applied to any other person in the same state under similar circumstances and conditions.

DISSENT BY N. J. KAUFMAN, P.J.

5. WORDS AND PHRASES—STATUTES—COURT RULES—MANDATORY LAN-GUAGE.

*The word "shall" in a statute or court rule means that the provision is mandatory unless other considerations compel a contrary conclusion.*

6. APPEAL AND ERROR—CIRCUIT COURT—DISTRICT COURT—BOND—DIS-MISSAL OF APPEAL.

*A party who wishes to appeal an adverse district court judgment to circuit court may do so without filing a bond to stay execution of the judgment although by doing so he accepts the risk of execution; failure to file such a bond is not sufficient reason for the circuit court to dismiss the appeal.*

*Leib & Leib* (by *Elliot P. Kramer),* for plaintiff.

*Samuel W. Barr,* for defendant Zeev Miedler.

Before: N. J. KAUFMAN, P.J., and BEASLEY and
P. R. MAHINSKE,* JJ.

PER CURIAM. On January 13, 1977, a judgment
for $3,640.35 was entered against appellant in
district court. Appellant appealed the judgment to
the circuit court; however, that appeal was dis-
missed by the circuit court judge on motion of
plaintiff because appellant did not file a bond for
one and one-quarter times the amount of the
district court judgment. We granted leave to ap-
peal.

The circuit judge dismissed appellant's claim of
appeal, holding that GCR 1963, 705.9 (repealed
July, 1977) and GCR 1963, 701.7 (revised July,
1977) required appellant to file a bond for one and
one-quarter times the amount of judgment as a
condition of maintaining the appeal in circuit
court. Appellant does not wish to stay execution
on the district court judgment. He argues that,
therefore, he should not be required to file a stay
bond. Rather, he asserts that a bond covering the
costs of appeal should be the only bond required.

The court rules governing appeals to the circuit
court have been amended since appellant filed his
claim of appeal in the circuit court. The new rules
have prospective effect only. 400 Mich lxix (1977);
*Moore v Spangler,* 401 Mich 360, 368; 258 NW2d
34 (1977). Therefore, we will consider appellant's
claim under the court rules in effect at the time
appellant filed his claim of appeal. We do not
determine whether the same result would follow
under the current court rules.

Old Court Rule 705.9 provided in pertinent part:

".9 Appeals; *Required* Acts of Appellant. In all ap-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

peals, within the time limited for taking an appeal, the appellant *shall* do the following:

"(a) File in the circuit court a bond *as required* under subrule 701.7; * * * ." (Emphasis added.)

Old Court Rule 701.7 provided in part:

".7 Bond on Appeal; Stay of Proceedings. Unless exempted by law, the appellant *shall* file a bond with his claim of appeal, cross appeal, or order following appeal. The bond on appeal

"(1) shall be in a penalty not less than $200 and except for appeals from probate court, if the appeal is by a person against whom a claim has been asserted, *it shall be not less than one and one-quarter the amount of the judgment* or claim allowed. In appeals from the probate court, the court in which the bond is filed may in its discretion fix the bond in an amount found owing to the estate where a fiduciary's account has been disallowed or a claim has been allowed against a fiduciary incident to his administration of his trust or estate. In judgments for possession of land, the bond shall be in the amount and on the conditions provided for by statute." (Emphasis added.)

In construing these court rules, we are required to give words their normal meaning. *Cf.* MCL 8.3a; MSA 2.212(1). Old Court Rule 705.9 referred to *required* acts of appellant and it directed that the appellant shall file a *required* bond. Old Court Rule 701.7 provided that an appellant *shall* file a bond and the rule directed that the amount of bond *shall not be less than* a certain amount.

Both "require" and "shall" indicate an intent to make the provisions mandatory. *Smith v School District No. 6,* 241 Mich 366, 368–369; 217 NW 15 (1928); *Law Department Employees Union v City of Flint,* 64 Mich App 359, 368, 235 NW2d 783 (1975). Further, the use of the negative "shall not" also indicates an intent to make the provision

mandatory. *Connecticut Mutual Life Ins v Wood,* 115 Mich 444, 448–449; 74 NW 656 (1898).

In view of the clearly mandatory language contained in the court rules, we hold that the circuit court did not err in requiring a bond amounting to one and one-quarter the amount of the district court judgment.

Appellant argues that the mandatory bond in this case violates the equal protection provisions of the Federal and state constitutions. We reject that contention.[1] The right to equal protection of the law is not denied by a state law or course of procedure where the same law or course of procedure would have been applied to any other person in the same state under similar circumstances and conditions. *Moore v Spangler, supra,* at 370, citing *Tinsley v Anderson,* 171 US 101; 18 S Ct 805; 43 L Ed 91 (1898). In the instant case, appellant is not required to do anything not required of all other similarly situated appellants in the circuit court. Therefore, we reject his equal protection argument.

The decision of the circuit court is affirmed.

N. J. KAUFMAN, P.J. *(dissenting).* I must respectfully dissent.

In construing a statute (or court rule), words are to be given their ordinary meanings unless a different interpretation is indicated. *Goethal v Kent County Supervisors,* 361 Mich 104, 111; 104 NW2d 794 (1960), *Hunn v Madison Heights,* 60 Mich App 326, 332; 230 NW2d 414 (1975). Specifically, the word "shall" means that the statute or court rule is mandatory—*unless* other considerations compel a contrary conclusion. *Lundberg v*

---

[1] We note that appellant does not allege that he is financially unable to pay the bond and that the bond requirement, therefore, prevents the exercise of his right to appeal.

*Corrections Commission,* 57 Mich App 327, 329; 225 NW2d 752 (1975). In the case at bar, a contrary conclusion is indicated.

The Committee Notes to former GCR 1963, 701 begin as follows:

"The rules contain a new provision requiring an appeal bond to be filed. Appeal bonds are presently required by virtue of statutory direction. *While the filing of an appeal bond is directory only,* such filing is a requisite to the stay of further proceedings in the lower court." 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 505. (Emphasis added.)

Similarly, the Authors' Comments to Rule 701, 3 Honigman & Hawkins, *supra,* p 512, state:

"This requirement of an appeal bond applies to all appeals, whether by claim of appeal, order allowing appeal, or cross appeal. Sub-rule 701.7. *It is said to be a 'directory' requirement, however.* See Committee Comment, *supra.* An improper or insufficient bond is not a jurisdictional defect. The circuit court has jurisdiction of an appeal which has been timely filed with the lower court and for which the fee has been paid. Sub-rule 701.3." (Emphasis added.)

The above commentaries are based on sound authority. In considering a parallel statutory provision which also directed the filing of a stay bond on appeal, the Supreme Court stated:

"In support of his motion to dismiss appeal from the order dismissing writ of garnishment, defendant points to the requirement of CL 1948, § 650.21 (Stat Ann § 27.2611) for filing of a bond in order to stay proceedings on appeal and says that, because plaintiff has filed no such bond, defendant has properly proceeded to judgment against the garnishee defendant and that, in

consequence, plaintiff's appeal in regard to the garnishment has become moot. *The bond is a prerequisite to stay of proceedings but not to consideration by this Court on appeal of the correctness of the trial court's order dismissing garnishment." Beyerlein v Ashburn,* 334 Mich 13, 15–16; 53 NW2d 666 (1952). (Emphasis added.)

To the same effect see *Michigan Bean Co v Burrell Engineering & Construction Co,* 306 Mich 420, 426; 11 NW2d 12 (1943) ("Burrell's failure to file a supersedeas bond on appeal did not preclude it from appealing, but it did subject itself to the risk of having a writ of execution issued during the time the appeal was pending."), and *Hendricks v McCausey,* 299 Mich 157, 160–161; 299 NW 847 (1941).

Based upon these authorities, I would hold that under Michigan law appellant has the right to accept the risk of execution without any further risk that the appeal will be dismissed if no stay bond is filed. I would remand to the circuit court for consideration of the merits of the appeal.