WRIGHT v FIELDS

Docket No. 64746. Decided December 21, 1981. On application by defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals, and remanded the case to Wayne Circuit Court for further proceedings.

Douglas A. Wright obtained a judgment against Jamie S. Fields in the Common Pleas Court of Detroit of $2,959.63 for conversion. The Wayne Circuit Court, Neal E. Fitzgerald, J., dismissed the defendant's claim of appeal for failure to file an appeal bond. The Court of Appeals, V. J. Brennan, P.J., and N. J. Kaufman and R. M. Maher, JJ., denied the defendant's delayed application for leave to appeal (Docket No. 45394). Defendant applies for leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

A bond to secure payment of the judgment need be filed only if the appellant desires to secure a stay of proceedings to enforce the judgment pending appeal; it is not a condition of appeal. This has long been the procedure in appeals to the Court of Appeals, and no rationale can be constructed for giving different treatment to a litigant seeking to appeal the entry of a money judgment from a lower court to the circuit court than is afforded an otherwise identically situated litigant appealing a money judgment from the circuit court to the Court of Appeals. The purpose of a supersedeas or stay bond is to protect the appellee from losses that may result from the inability to enforce the judgment while it is stayed pending appeal. There is no harm to the interest of the appellee in making the appeal bond only a condition of a stay of proceedings. If the appellant does not file a bond, the appellee may proceed to enforce the judgment. GCR 1963, 701.8 is amended to clarify its intent.

Reversed and remanded to the Wayne Circuit Court for further proceedings.

*Dee Edwards* for plaintiff.

Jamie S. Fields, *in propria persona.*

PER CURIAM. The issue raised by this case is whether on an appeal to the circuit court under GCR 1963, 701 the appellant must file a bond in the amount of one and one-quarter times the amount of the judgment as a condition of appeal. We conclude that while such a bond is required to secure a stay of proceedings to enforce the judgment during the appeal, it is not a condition of the right to appeal.

## I

The plaintiff brought this action in the Common Pleas Court of the City of Detroit alleging the defendant's liability for conversion as the result of an automobile accident. Eventually, a judgment was entered in favor of the plaintiff for $2,959.63. The defendant filed a claim of appeal in the circuit court. The plaintiff moved to dismiss the appeal on the grounds that the plaintiff had failed to post a bond as required by GCR 1963, 701.5(a)(1) and had failed to serve a statement regarding the bond under GCR 1963, 701.5(b)(2)(A) or a copy of the court reporter's certificate required by GCR 1963, 701.5(b)(3). The circuit judge granted the motion, and the Court of Appeals denied the defendant's delayed application for leave to appeal. The defendant now applies for leave to appeal to this Court.

## II

The rule on which the plaintiff relied in contending that the appeal should be dismissed for failure to file a bond was GCR 1963, 701.5(a)(1):

".5 Bonds, Fees and Other Requirements; Cross Appeal.
"(a) Conditions Precedent. Within the time for taking

an appeal, the appellant, in addition to the acts required by subrule 701.3(a), shall

"(1) have the trial court set the bond required by subrule 701.8, post it in the trial court and have it approved, file it with the trial court clerk and file a copy with the circuit court clerk."

GCR 1963, 701.8, to which rule 701.5 refers, states in part:

".8 Stay of Proceedings.
"(a) Civil Cases.

*    *    *

"(2) Unless a bond is waived under GCR 1963, 120 or the appellant is exempted by law from filing a bond, the appellant shall file a bond with the claim of appeal, claim of cross appeal, or order granting leave to appeal. The appeal bond must:

"(A) be at least $200, and

"(i) except for an appeal from probate court, if the appeal is by a person against whom a money judgment has been entered, it must be not less than one and one-quarter times the amount of the judgment".

The Court of Appeals has interpreted the similar language of the previous version of the rule as requiring the posting of a bond in an amount of at least one and one-quarter times the judgment as a condition of appeal. *Samuel Reiter Painting Co v Bill Miedler Homes, Inc,* 87 Mich App 75; 273 NW2d 592 (1978).

The rule could be read as imposing such a requirement. However, in view of the placement of the provision in the section of rule 701 dealing with stays of proceedings, we reject that interpretation. The intent of the rule is not to require a bond to secure payment of the judgment as a condition of appeal, but only to require a bond if the appellant desires to secure a stay of proceed-

ings to enforce the judgment pending appeal. This has long been the procedure in appeals to the Court of Appeals, GCR 1963, 808, and this Court. GCR 1963, 853.3; *Beyerlein v Ashburn,* 334 Mich 13, 15-16; 53 NW2d 666 (1952); *Michigan Bean Co v Burrell Engineering & Construction Co,* 306 Mich 420, 426; 11 NW2d 12 (1943). We can construct no rationale for giving different treatment to a litigant seeking to appeal the entry of a money judgment from a lower court to the circuit court than is afforded an otherwise identically situated litigant appealing a money judgment from the circuit court to the Court of Appeals. The purpose of a supersedeas or stay bond is to protect the appellee from losses that may result from the inability to enforce the judgment while it is stayed pending appeal. See *Federal National Mortgage Ass'n v Wingate,* 404 Mich 661, 681-682; 273 NW2d 456 (1979). There is no harm to the interest of the appellee in making the appeal bond only a condition of a stay of proceedings. If the appellant does not file a bond, the appellee may proceed to enforce the judgment.

Thus, we hold that under GCR 1963, 701.8(a)(2)(A)(i) a bond is required only if the appellant seeks a stay of proceedings to enforce the lower court's judgment, and have today entered an order amending GCR 1963, 701.8 to clarify the intent of the rule. The amended rule is set forth as an appendix to this opinion. Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, the judgment of the Court of Appeals is reversed, and the case is remanded to the Wayne Circuit Court for further proceedings consistent with this opinion. The defendant must comply with the remaining steps required by rule 701.5 within 30 days of the date of this opinion.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

## APPENDIX

RULE 701. APPEALS TO CIRCUIT COURT.

.1—.7 (Unchanged.)

.8 Stay of Proceedings.

(a) Civil Cases.

(1) (Unchanged.)

(2) Unless a bond is waived under GCR 1963, 120 or the appellant is exempted by law from filing a bond, the appellant shall file a bond with the claim of appeal, claim of cross appeal, or order granting leave to appeal. The appeal bond must:

(A) be at least $200, and

(i) except for an appeal from probate court, if the appellant seeks a stay of proceedings to enforce a money judgment, it must be not less than one and one-quarter times the amount of the judgment; or

(ii) (Unchanged.)

(B)-(D) (Unchanged.)

(3) (Unchanged.)

(b) (Unchanged.)

.9—.13 (Unchanged.)