LINTZ v ALPENA PUBLIC SCHOOLS OF ALPENA AND PRESQUE
ISLE COUNTIES

Docket Nos. 61738, 61790, 61856, 61963. Submitted May 7, 1982, at
Lansing.—Decided August 25, 1982. Leave to appeal applied
for.

 This appeal involving four consolidated cases arises from a deci-
sion by the Alpena Board of Education to discontinue its
practice of providing student transportation. In Docket No.
61738 defendants, State of Michigan and the Michigan State
Board of Education, appeal from an order of judgment by the
Alpena Circuit Court, Joseph P. Swallow, J., reinstating stu-
dent transportation in the Alpena School District. In Docket
No. 61856 defendants, the Alpena Public Schools of Alpena and
Presque Isle Counties, appeal from the same trial court's order
of judgment. In Docket No. 61963 the proposed intervening
plaintiff, the Michigan Educational Support Personnel Associa-
tion, appeals, as of right, from an order denying its motion to
intervene entered by the Alpena Circuit Court, Joseph P.
Swallow, J. In Docket No. 61790 proposed intervening defen-
dants the Alpena Education Association, Robert Hinkleman
and Barbara Hinkleman, as next friend for M. Kathleen Wood
and Michael Wood, and others, appeal, by leave granted, from
the same trial court's order denying their motion to intervene.
The plaintiffs in all four of the consolidated appeals are Wil-
liam D. Lintz, Jr., as next friend for William D. Lintz, III, and

REFERENCES FOR POINTS IN HEADNOTES

[1] 16A Am Jur 2d, Constitutional Law §§ 734, 750, 774.
 68 Am Jur 2d, Schools §§ 6, 7.
[2] 68 Am Jur 2d, Schools § 234 *et seq.*
 Nature and extent of transportation that must be furnished under
  statute requiring free transportation of school pupils. 52 ALR3d
  1036.
[3] 16 Am Jur 2d, Constitutional Law § 138.
[4] 68 Am Jur 2d, Schools §§ 236-241.
[5] 59 Am Jur 2d, Parties §§ 141-145, 161-170.
 When is representation of applicant's interest by existing parties
  inadequate and applicant bound by judgment so as to be entitled
  to intervention as of right under Federal Rule 24(a)(2) and similar
  state statutes or rules. 84 ALR Fed 1412.

Barbara E. Lintz, and others, who sought declaratory and injunctive relief against all defendants on the issue of transportation. On appeal defendants, State of Michigan, Michigan State Board of Education, and the Alpena Public Schools of Alpena and Presque Isle Counties, contend that the trial court erred in finding that the state has a constitutional duty, and the Alpena Board of Education has a statutory duty, to provide transportation. Proposed intervening plaintiff and defendants claim error in the trial court's denial of their motions for intervention. *Held:*

1. Michigan's citizens have a fundamental right under Michigan's Constitution to a free public education. However, Michigan's Constitution does not require the state to provide students with transportation to and from school. The trial court's finding in this regard was erroneous.

2. The trial court erred in finding that the board of education has a statutory duty to provide transportation.

3. The board of education did not abuse its discretion in deciding to stop providing transportation to and from school, in light of the shortage of funding.

4. The trial court correctly denied the proposed intervening plaintiff's and defendants' motions for intervention since their motions were untimely and they made no showing that their interests were not sufficiently represented by the parties to the principal suit. It also appears that the proposed intervening defendants could not demonstrate that they would be bound by the trial court's judgment.

5. The trial court did not abuse its discretion in denying proposed intervening plaintiff's and defendants' motions for permissive intervention.

The judgment of the trial court in Docket Nos. 61738 and 61856 is reversed. The trial court's orders denying intervention in Docket Nos. 61963 and 61790 are affirmed.

1. CONSTITUTIONAL LAW — FUNDAMENTAL RIGHTS — PUBLIC EDUCATION.

Michigan's citizens have a fundamental constitutional right to a free public education (Const 1963, art 8, § 2).

2. CONSTITUTIONAL LAW — SCHOOLS — TRANSPORTATION — LEGISLATURE.

The Legislature has the power, but not the duty, to provide for the free transportation of students to and from school (Const 1963, art 8, § 2).

3. STATUTES — JUDICIAL CONSTRUCTION — MAY — WORDS AND PHRASES.

In construing a statute, the word "may" is construed as permissive rather than mandatory unless a contrary legislative intent appears.

4. SCHOOLS — BOARDS OF EDUCATION — TRANSPORTATION.

A board of education has considerable discretion in determining whether to provide adequate facilities for the transportation of pupils from and to their homes within the school district (MCL 380.246[d]; MSA 15.4246[d]).

5. ACTIONS — INTERVENTION — COURT RULES.

An applicant for intervention as of right under the court rule regarding such intervention must satisfy the following three elements in order to qualify for intervention: (1) timely application; (2) representation of the applicant's interest by existing parties is or may be inadequate; and (3) applicant may be bound by a judgment in the action (GCR 1963, 209.1[e]).

*Rhynard & Hess,* for plaintiffs Lintz and others.

*Boyce, White & Werth,* for defendant Alpena Public Schools.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gerald F. Young* and *Paul J. Zimmer,* Assistants Attorney General, for defendants the State of Michigan and Michigan State Board of Education.

*Foster, Swift, Collins & Coey, P.C.* (by *Arthur R. Przybylowicz* and *James F. Wynn),* for proposed intervening plaintiff Michigan Educational Support Personnel Association.

*Hiller, Larky & Hoekenga* (by *Daniel J. Hoekenga* and *Gregory J. Bator),* for proposed intervening defendants the Alpena Education Association, Robert Hinkleman, and others.

Before: R. M. MAHER, P.J., and BRONSON and R. J. SNOW,* JJ.

R. M. MAHER, P.J. This opinion will address the issues raised in four consolidated cases. In Nos. 61738 and 61856, defendants appeal as of right from the trial court's December 22, 1981, order of judgment reinstating student transportation in the Alpena School District. In No. 61963, the proposed intervening plaintiff appeals as of right from the trial court's December 22, 1981, order denying intervention. In No. 61790, the proposed intervening defendants appeal, by leave granted, from the trial court's December 22, 1981, order denying intervention.

Defendant Alpena Public Schools is a third-class school district. The district, one of the largest in Michigan, serves approximately 6,850 students and covers an area in excess of 600 square miles. Prior to the eruption of this controversy, approximately 5,140 of those students were bused to and from school in 39 buses provided by the district. The cost to the district was approximately 75 cents per student per mile. At that time, the State of Michigan was reimbursing the district for 40% of the transportation costs. At the beginning of the 1981-1982 school year, all voter-approved operating millages of defendant Alpena Public Schools had expired. The only funding available to the district was an allocated millage of 7.98 mills and state school aid payments. The Alpena Board of Education closed the district schools on October 14, 1981, due to the lack of funding. On October 30, 1981, the voters approved a 20.25-mill levy, but rejected a separate 3.45-mill proposal.

The Alpena Board of Education conducted a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

meeting and assessed its options in light of the available funding. According to school officials, the projected cost of providing bus transportation for students for the remainder of the school year would be approximately $800,000. If the school district were to have implemented such a plan, it would have been forced to close some schools. Other possible ramifications were increased class sizes, reduction of counselling, and cutbacks in libraries, new supplies, and books. Faced with such alternatives, the board decided, in the exercise of its discretion, to stop providing student transportation.

On November 12, 1981, after a hearing, the trial court ruled that education is a fundamental right under the Michigan Constitution. After a trial on the merits, the court issued two opinions in which it ordered the resumption of student transportation on the ground that it was necessary for participation in the constitutionally mandated free system of public schools. The court held that the state has a constitutional duty, and the Alpena Board of Education a statutory duty, to provide a system of student transportation. In separate orders, the trial court denied motions to intervene brought by the proposed intervening plaintiff and defendants. On January 7, 1982, this Court granted defendants-appellants' motion for stay of the order of judgment until further order of this Court. On January 15, 1982, this Court granted proposed intervening defendants' application for leave to appeal.

On appeal, defendants contend that the trial court erred in finding that the state has a constitutional duty, and the board of education a statutory duty, to provide student transportation. Const 1963, art 8, § 2 provides in part:

"The legislature shall maintain and support a system of free public elementary and secondary schools as defined by law. Every school district shall provide for the education of its pupils without discrimination as to religion, creed, race, color or national origin."

Clearly, then, under the Michigan Constitution, the citizens of this state have a fundamental right to a free public education. Plaintiffs contend, not unreasonably, that the existence of such a right implies a duty on the part of the state to provide any services necessary to the meaningful enjoyment of this right. See, *e.g., Bond v Ann Arbor School Dist,* 383 Mich 693, 702; 178 NW2d 484 (1970), in which the Supreme Court held that "books and school supplies are an essential part of a system of free public elementary and secondary schools", and that, therefore, the state had a duty to provide such services.

Under some circumstances, it would appear that school transportation is necessary to permit some students to enjoy their right to a free education. After all, a free public school is of little use when the school is so far away that transportation to and from school is prohibitively expensive. Nevertheless, in this state, the right to a free education is limited by other language found in Const 1963, art 8, § 2: "The legislature may provide for the transportation of students to and from any school".

The word "may" is construed as permissive rather than mandatory unless a contrary legislative intent appears. *Smith v Amber Twp School Dist No 6, Fractional,* 241 Mich 366; 217 NW 15 (1928). We find no indication of any such contrary intent. Thus, the foregoing provision makes it clear that the Legislature has the power, *but not the duty,* to provide for the free transportation of students to and from school.

We find the foregoing language dispositive of plaintiff's claim. Accordingly, we hold that Const 1963, art 8, § 2 does not require the state to provide students with transportation to and from school.

Under the foregoing analysis, the trial court also erred in finding that the board of education has a statutory duty to provide transportation. The statutory provision relied upon by the trial court, MCL 380.246(d); MSA 15.4246(d), states in pertinent part that the board shall "[p]rovide adequate facilities for transportation within the school district of pupils from and to their homes if the board deems it advisable". The trial court conceded that the statute, on its face, gave discretion to the board, but held that the board's discretion was limited by the constitutional mandate. Since the trial court based its finding of a statutory duty on the assumption that the state has a constitutional duty to provide transportation, we have no difficulty concluding that the board actually has considerable discretion in this regard, and that, therefore, the trial court erred in finding a statutory duty.

We also hold that the board of education did not abuse its discretion in deciding to stop providing transportation to and from school, in light of the shortage of funding.

Proposed intervening defendants are taxpayers, teachers, and next friends of school-age children. Proposed intervening plaintiff is the sole and exclusive bargaining representative of a unit of bus drivers employed by the Board of Education for the Alpena Public Schools. On appeal, these parties contend that the trial court erred in denying them permission to intervene as of right.

GCR 1963, 209.1(3) provides:

".1 Intervention of Right. Anyone shall be permitted to intervene in an action

\*   \*   \*

"(3) upon timely application when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant may be bound by a judgment in the action."

In *D'Agostini v Roseville,* 396 Mich 185, 188; 240 NW2d 252 (1976), the Supreme Court interpreted GCR 1963, 209.1(3) to require three elements:

"a. Timely application;
"b. Representation of the applicant's interest by existing parties is or may be inadequate;
"c. Applicant may be bound by a judgment in the action.
"All of the above must be present in order for the applicant to qualify for intervention of right \* \* \*."

Under *D'Agostini,* the trial court correctly denied the proposed intervening plaintiff's and defendants' motions. First of all, their applications were untimely. Secondly, they made no showing that their interests were not sufficiently represented by the parties to the principal suit. It also appears that proposed intervening defendants could not demonstrate that they would be bound by the circuit court's judgment.

We also find that the trial court did not abuse its discretion in denying proposed intervening plaintiff's and defendants' motions for permissive intervention.

The voters of Alpena and Presque Isle have persistently refused to authorize sufficient funding to support both an adequate education system and a school transportation system. We are disturbed by the prospect that the burden of this policy

decision may fall disproportionately upon a minority of rural families who are politically powerless to alter the situation. Be that as it may, it is the responsibility of the Legislature—and not the judiciary—to remedy any such inequity.

The judgment of the trial court in Nos. 61738 and 61856 is reversed. The trial court's orders denying intervention in Nos. 61963 and 61790 are affirmed. No costs, since an important constitutional question was involved.