PRUDENTIAL INSURANCE COMPANY OF AMERICA v OAK
PARK SCHOOL DISTRICT

Docket No. 75069. Submitted October 17, 1984, at Detroit.—Decided
May 6, 1985.

In June, 1981, North Pointe Properties filed a petition in the
Michigan Tax Tribunal alleging that an office complex it owned
which was located in the City of Southfield and the Oak Park
School District had a true cash value of no more than $6,280,-
000 and seeking an adjustment in the 1981 assessed true cash
value of $7,917,600. In August, 1981, the Oak Park School
District filed an appearance in the matter. The City of South-
field and North Pointe Properties entered into a stipulation
which provided that the property would be assessed at a true
cash value of $5,810,800 for tax years 1981, 1982 and 1983. The
stipulation was filed with the Tax Tribunal on August 23, 1983,
and on August 25, 1983, the Oak Park School District filed a
motion to intervene with the Tax Tribunal. The Tax Tribunal
denied the motion to intervene, holding that the motion to
intervene was not timely and that the school district had not
alleged that its interests were not adequately represented by
the City of Southfield. Thereafter the Tax Tribunal entered a
consent judgment pursuant to the stipulation. The Oak Park
School District appealed, asserting that it had a right to inter-
vene or, in the alternative, that the Tax Tribunal abused its
discretion in denying intervention. Prudential Insurance Com-
pany was thereafter substituted for North Pointe Properties
when it became fee owner of the subject property pursuant to
the order of the United States Bankruptcy Court for the
Eastern District of Michigan. *Held:*

1. Intervention by a school district in proceedings in the Tax
Tribunal pursuant to a petition for review of the propriety of a
real property tax assessment is not as of right but is rather
addressed to the discretion of the Tax Tribunal. In exercising

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 2 Am Jur 2d, Administrative Law § 369.

68 Am Jur 2d, Schools § 84.

72 Am Jur 2d, State and Local Taxation § 1142.

Validity of basing public school financing system on local property
taxes. 41 ALR3d 1220.

that discretion, the Tax Tribunal shall consider whether the school district was diligent in seeking intervention and whether intervention would unduly prejudice the rights of the original parties.

2. The Tax Tribunal did not abuse its discretion in denying the motion to intervene on the basis that the school district had unduly delayed in the bringing of the motion.

3. The adequacy of the city's representation of the school district's interests is not a relevant consideration in determining whether the Tax Tribunal abused its discretion in denying the school district's request for permissive intervention.

Affirmed.

BRONSON, P.J., concurred in the result only. He would hold that a school district has a right to intervene if it seeks intervention in a timely fashion, but that the school district in the present case failed to assert its right to intervene in a timely manner.

OPINION OF THE COURT

1. TAXATION — TAX TRIBUNAL — INTERVENTION — SCHOOL DISTRICTS.

Intervention by a school district in an appeal to the Tax Tribunal of a property assessment involving property located in the school district is not a matter of right but is rather a matter addressed to the discretion of the Tax Tribunal; in determining whether to permit such intervention, the Tax Tribunal shall consider whether the school district has diligently sought intervention without unreasonable delay and whether the intervention would unduly prejudice the adjudication of the rights of the original parties; the adequacy of the representation by the original governmental unit of the school district's interests is not a relevant consideration in determining whether the Tax Tribunal abused its discretion by denying intervention (MCL 205.744; MSA 7.650[44]).

CONCURRENCE BY BRONSON, P.J.

2. TAXATION — TAX TRIBUNAL — INTERVENTION — SCHOOL DISTRICTS.

*Intervention by a school district in an appeal to the Tax Tribunal of a property tax assessment involving property located within the school district is a matter of right if the school district seeks such intervention in a timely fashion (MCL 205.744; MSA 7.650[44]).*

*Honigman, Miller, Schwartz & Cohn* (by *Stuart H. Teger),* for Prudential Insurance Company.

*Shifman, Goodman & Carlson, P.C.* (by *Burton R. Shifman* and *John A. Carlson),* for Oak Park School District.

Before: Bronson, P.J., and J. H. Gillis and M. E. Dodge,* JJ.

M. E. Dodge, J. The Oak Park School District appeals as of right from a decision of the Michigan Tax Tribunal.

On June 29, 1981, North Pointe Properties[1] filed a petition with the Michigan Tax Tribunal alleging that the actual true cash value of an office complex located in the City of Southfield was "no higher than $6,280,000" and seeking an adjustment in the property's 1981 assessment, which indicated a true cash value of $7,917,600. North Pointe later amended its petition to include the 1982 and 1983 tax years.

On August 21, 1981, the Oak Park School District filed an appearance in the action. In May 1983, North Pointe and the city entered into a stipulation, which was filed with the Tax Tribunal on August 23, 1983. The stipulation provided for the property's assessment at a true cash value of $5,810,800 for each tax year in question. On August 25, 1983, the school district filed a motion to intervene, which was denied by the Tax Tribunal on September 29, 1983. On October 31, 1983, the tribunal entered a consent judgment pursuant to the stipulation.

The school district contends that the Tax Tribunal erred in denying its motion to intervene. The

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Prudential Insurance Company of America became the fee owner of the property on February 15, 1984, pursuant to an order of the United States Bankruptcy Court for the Eastern District of Michigan. By this Court's order of April 4, 1984, Prudential was substituted for North Pointe as petitioner-appellee.

school district argues that the motion should have been granted as of right or, in the alternative, that the tribunal abused its discretion in denying the motion.

Section 44 of the Tax Tribunal Act, MCL 205.744(1); MSA 7.650(44)(1), provides in relevant part:

> "[T]he tax tribunal may permit the intervention or impleading of any governmental unit which receives tax funds from the petitioner who is making the appeal."

This Court has twice held that this statute does not give a school district an absolute right to intervene. *Northwood Apartments v Royal Oak,* 98 Mich App 721; 296 NW2d 639 (1980); *Thrifty Royal Oak, Inc v Royal Oak,* 130 Mich App 207; 344 NW2d 305 (1983), *remanded on other grounds* 419 Mich 915 (1984). The school district has failed to cite any considerations, not previously raised in the above cases, which would compel a contrary conclusion. Therefore, we hold that intervention by a school district in a proceeding before the Tax Tribunal pursuant to MCL 205.744; MSA 7.650(44) is a discretionary matter for the tribunal.

We must also determine whether the Tax Tribunal abused its discretion in denying the school district's motion to intervene. To accomplish this, we look by analogy to the standards for permissive intervention found in MCR 2.209(B), which states in relevant part:

> "(B) Permissive Intervention. On timely application a person may intervene in an action
> "(1) when a Michigan statute * * * confers a conditional right to intervene; * * *.
> "In exercising its discretion, the court shall consider

whether the intervention will unduly delay or prejudice
the adjudication of the rights of the original parties."

The first requirement for intervention pursuant
to MCR 2.209(B) is timeliness. No time limits on
the date of intervention are set forth in MCL
205.744; MSA 7.650(44). However, an intervenor
must be diligent, and any unreasonable delay after
knowledge of the action will justify a denial of
intervention where no satisfactory excuse is shown
for the delay. *Northwood Apartments, supra,* p
721.

In the present case, the Tax Tribunal found that
the school district's motion to intervene was
"grossly untimely" in that it was filed "over two
years after the filing of the original petition". The
school district clearly knew of the action from its
inception because it entered its appearance only
two months after North Pointe's petition was filed.
Yet, the school district chose to wait over two
years, until the original parties had reached a
stipulation disposing of the action, before moving
to intervene.

The school district argues that it chose not to
intervene prior to the stipulation because it as-
sumed that the subject property's true cash value
would be settled at or above the $6,280,000 figure
requested by North Pointe. Despite this partial
justification, this Court finds that the school dis-
trict's actions constitute an unreasonable delay
sufficient to justify the tribunal's denial of the
motion. The tribunal did not abuse its discretion in
denying the motion to intervene.[2]

The Tax Tribunal also based its denial of the
school district's motion to intervene on the fact
that, "there has been no allegation that the City of

---

[2] In light of the Court's finding with regard to timeliness, it is
unnecessary to consider whether the intervention would unduly prej-
udice the adjudication of the original parties' rights. The Court also
notes that the Tax Tribunal did not address the question of prejudice.

Southfield is not adequately and competently representing the interest of the Oak Park School District, other than the potential loss of tax revenue which, standing alone, is insufficient".

The standard of "adequate representation of interest" is employed in the context of intervention of right. MCR 2.209(A)(3); *D'Agostini v Roseville*, 396 Mich 185; 240 NW2d 252 (1976). It is also found in § 44 of the Tax Tribunal Act, MCL 205.744; MSA 7.650(44), immediately following the subsection which applies to this case. However, the standard of "adequate representation of interest" is not relevant in an action, such as this, to determine whether the Tax Tribunal abused its discretion in denying permissive intervention.

Therefore, in light of our previously stated finding that the school district's motion to intervene was untimely, we hold that the Tax Tribunal did not abuse its discretion in denying that motion.

Affirmed.

J. H. GILLIS, J., concurred.

BRONSON, P.J. *(concurring in the result only).* The majority opinion in this matter holds that a school district had no absolute right to intervene in the tax action and that permissive intervention was properly denied because the school district's motion to intervene was "grossly untimely". Because a timely application is required under either intervention of right or permissive intervention, MCR 2.209, I concur in the result only. I wish to reiterate my view that a school district whose budget may be profoundly affected by the outcome of a tax dispute has the right to intervene where the request is timely made. *Thrifty Royal Oak, Inc v Royal Oak,* 130 Mich App 207, 238-245; 344 NW2d 305 (1983), *remanded on other grounds* 419 Mich 915 (1984).