MATTHEW R ABEL, PC v GROSSMAN INVESTMENTS COMPANY

Docket No. 308939. Submitted July 17, 2013, at Detroit. Decided August 15, 2013, at 9:05 a.m.

Matthew R. Abel, PC (Abel), brought an action in the 48th District Court against Grossman Investments Company (GIC). The district court entered a judgment against GIC for $12,353.23. After awaiting payment for a decade, Abel renewed the judgment and moved for the appointment of a receiver to assist with the collection efforts. In 2010, the district court granted the motion and appointed a receiver. The receiver hired three attorneys or their professional corporations to assist his efforts. In 2011, GIC tendered the full judgment amount, with interest, of $17,258.30, which was placed in escrow with the district court. The receiver then sought fees and costs totaling $24,000, including $18,601.30 for Michael Tindall, acting through his professional corporation, Tindall & Company, PC, whom the receiver had hired to assist his efforts. GIC objected to the requested fees. The district court, Diane D'Agostini, J., conducted hearings regarding the fee request and entered an opinion and order that, in relevant part, granted Tindall a fee award in an amount far less than he had sought. Abel, the receiver, and the other two attorneys or their professional corporations hired by the receiver did not appeal. Tindall sought to appeal in the Oakland Circuit Court with regard to the matter of his fees. GIC moved to dismiss on the basis that Tindall lacked standing because he was not an aggrieved party. The circuit court, Colleen A. O'Brien, J., granted the motion to dismiss. The Court of Appeals granted Tindall's application for leave to appeal limited to the issue whether the circuit court erred by dismissing the appeal. *Abel v Grossman Investments Co*, unpublished order, entered November 14, 2012 (Docket No. 308939).

The Court of Appeals *held*:

1. The circuit court erred by holding that Tindall lacked standing to challenge the district court's order in the circuit court. To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility

arising from some unknown and future contingency. By virtue of an order granting, denying, or setting fees, an attorney or a receiver gains a pecuniary interest in such a court ruling. Tindall is an aggrieved party with standing to appeal because he suffered a concrete and particularized injury arising from the district court's order. Postjudgment orders awarding attorney fees or costs are final orders appealable as of right.

2. Tindall was not required to move in the district court to intervene in the action as a prerequisite for appellate standing. Tindall's claim for fees was justiciable, however, Tindall may not name a new, previously uninvolved party in this appeal.

Reversed and remanded.

1. APPEAL — STANDING TO APPEAL — AGGRIEVED PARTIES.

A litigant must be an aggrieved party in order to have standing to appeal; a litigant, to be aggrieved, must have some interest of a pecuniary nature in the outcome of the case and not a mere possibility arising from an unknown or future contingency; a litigant on appeal must demonstrate an injury arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case.

2. APPEAL — STANDING TO APPEAL — ATTORNEYS — RECEIVERS — FEES.

An attorney or a receiver has a pecuniary interest in an order granting, denying, or setting the fees of the attorney or receiver; an attorney or receiver suffers a concrete and particularized injury when a court orders that the attorney or receiver receive less than he or she had sought.

3. APPEAL — STANDING TO APPEAL — ATTORNEY FEE — AWARDS — INTERVENTION.

An attorney is not required to intervene in an action as a prerequisite for standing to appeal the attorney fee awarded the attorney in the action.

4. APPEAL — POSTJUDGMENT ORDERS — ATTORNEY FEES — FINAL ORDERS.

Postjudgment orders awarding attorney fees or costs are final orders that are appealable as of right (MCR 7.203[A][1]).

*Tindall & Company, PC* (by *Michael E. Tindall*), for Tindall & Company, PC.

*Vezina Law, PLC* (by *J. Laevin Weiner* and *Louis C. Szura*), for Grossman Investments Company.

Before: GLEICHER, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM. The issue presented in this case is whether an attorney (here acting through his professional corporation) retained by a court-appointed receiver may appeal a trial court's fee award. The receiver hired attorney Michael Tindall of Tindall & Company, PC (Tindall), to assist in collecting a judgment. When the debt was collected, the receiver sought fees for himself and Tindall. The district court granted Tindall a fee award far below that which he had sought. Tindall sought to appeal in the circuit court, which dismissed based, in part, on Tindall's nonparty status. Because Tindall is an aggrieved party, he may appeal the district court order. Accordingly, we reverse the order of the circuit court and remand to that court for continued appellate proceedings.

## I. BACKGROUND

In the early 1990s, plaintiff, Matthew R. Abel, PC (Abel), brought an action in the 48th District Court against defendant, Grossman Investments Company (GIC). In 1993, Abel secured a $12,353.23 judgment against GIC. After awaiting payment for a decade, Abel renewed that judgment. Abel's counsel, attorney Issa Haddad, struggled to collect the judgment because he could not serve GIC or its resident agent, Gordon Grossman, with process. Haddad moved in the district court for the appointment of a receiver to assist with the collection efforts. See MCL 600.2926; MCL 600.6104(4) (governing court appointment of receivers). In 2010, the district court granted Haddad's request in a one-sentence order stating simply, "Plaintiff's motion to appoint Gregory Saffady as receiver is hereby Granted."

Saffady encountered similar difficulties in serving GIC. He hired three attorneys or their professional corporations to assist with the collection efforts, including Tindall. Tindall is also a certified public accountant and has experience in conducting fraud investigations. Only Tindall's claim for fees remains unresolved.

In July 2011, GIC finally tendered the full judgment amount, with interest, of $17,258.30. This sum was placed in escrow with the district court. Saffady then sought fees and costs totaling approximately $24,000, including Tindall's fee of $18,601.30. These costs, if awarded, would be charged to GIC. GIC objected to the requested fees and moved for an evidentiary hearing regarding their reasonableness.

Saffady and Tindall objected to an evidentiary hearing, insisting that GIC lacked standing to challenge the reasonableness of Saffady's fee and costs request. In support of their position, Saffady and Tindall invoked MCR 2.622, which generally sets forth the powers and duties of a receiver. Essentially, Saffady and Tindall argued that because GIC failed to appear in response to Abel's motion to appoint a receiver and never objected to the appointment, it waived any challenges to the receiver's fees. The district court ruled that it would not "sign a blank check" in favor of Saffady and Tindall, rejected their standing argument, and commenced a fee hearing pursuant to *Smith v Khouri,* 481 Mich 519; 751 NW2d 472 (2008).

It appears from the district court docket sheet that the fee hearing was held over three days in August, September, and October 2011. The full transcripts of the hearings have not been presented to this Court, however. In its October bench opinion, the district court summarized the evidence produced at the evidentiary hearings and found the bills submitted by Tindall and Saffady unreasonable, particularly because the fees far

exceeded the approximately $12,000 judgment. The district court's order stated, in relevant part:

> Pursuant to hearings held August 11, 2011, September 8, 2011 and October 6, 2011, and a review of exhibits and testimony, concerning Defendant/Judgment Debtor [GIC's] Objection to Receiver Fees and Administration Expenses, this Court rules as follows:
>
> $6950.00 total shall be awarded to the Receiver to be allocated as follows:
>
> -$3450.00 as Receiver Fees.
>
> -$3500.00 as Administration Expenses (legal fees incurred for Tindall, P.C.)[.]
>
> All other monetary requests made by the Receiver, his attorneys and others are hereby Denied. The $17,258.30 deposited in escrow with the Receiver shall be paid to Plaintiff Matthew Abel, P.C. in full satisfaction of the judgment.

Tindall thereafter sought to appeal this decision in the circuit court, addressing only the matter of his fees. Plaintiff Abel, the court-appointed receiver, and the other two attorneys or their professional corporations hired by the receiver chose not to pursue appeals. The circuit court initially rejected Tindall's claim of appeal "for failure to comply with MCR 7.101(C)(2)([b])," which required the appellant to file a bond, but Tindall subsequently cured this defect.[1]

GIC then moved to dismiss Tindall's appeal, arguing that Tindall lacked standing because he was not an

---

[1] The bond requirements are now found in MCR 7.104(E)(3) and MCR 7.108. By accepting Tindall's late-posted bond, the circuit court implicitly found the timing issue irrelevant. Moreover, "a bond is required to secure a stay of proceedings to enforce the judgment during the appeal, it is not a condition of the right to appeal." *Wright v Fields*, 412 Mich 227, 228; 313 NW2d 902 (1981). Tindall's failure to timely file a bond does not negate his right to appeal.

"aggrieved party" under the court rules.[2] The circuit court granted GIC's motion and dismissed Tindall's appeal based on his nonparty status by signing a form order stating merely that "[t]he court adopts the arguments of the defendant/appellee." This Court granted Tindall's application for leave to appeal limited "to the issue of whether the circuit court erred by dismissing appellant's appeal from the district court. MCR 7.205(D)(4)." *Abel v Grossman Investments Co*, unpublished order of the Court of Appeals, entered November 14, 2012 (Docket No. 308939).

## II. APPELLATE STANDING

The circuit court erred by dismissing an appeal taken by an individual (or his professional corporation) directly, personally, and financially affected and bound by the district court's order. Such an individual or entity has "standing" to challenge that order in a higher court. We review de novo issues that implicate the constitutional authority of the judiciary, such as whether a matter is properly placed before a court by a person with standing. *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 290; 715 NW2d 846 (2006). We also review de novo the interpretation of statutes and court rules. *Associated Builders & Contractors v Dep't of Consumer & Indus Servs Dir*, 472 Mich 117, 123-124; 693 NW2d 374 (2005), overruled in part on other grounds *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 371 & n 18 (2010).

---

[2] GIC also argued that Tindall's appeal should be dismissed because he failed to order the "full transcript" of the district court proceedings, as required by former MCR 7.101(C)(2)(d), and failed to timely file a bond for costs, as required by former MCR 7.101(C)(2)(b). The circuit court declined to reach the merits of the appeal, rending the lack of a full record moot. If Tindall fails to remedy this hole in the record, the circuit court will need to address that issue on remand.

Circuit courts have jurisdiction conferred by statute to hear appeals from the district court. MCL 600.8342(1). Appeals to the circuit court from final judgments in the district court "shall be as of right and all other appeals shall be by application." MCL 600.8342(2).[3]

The procedures for appeals from the district to the circuit court are governed by a series of court rules. Those rules were substantially rewritten in 2011, with an effective date of May 1, 2012. Because the circuit court dismissed this appeal in January 2012, the preamendment court rules govern this case. The fundamental legal principles governing appellate standing remain unaffected by changes in the language of the applicable court rules.

The prior version of MCR 7.101(A)(1) provided, in relevant part: "This rule applies to appeals to the circuit court from the district court and probate court, each referred to as 'trial court' in MCR 7.101 and 7.103." The prior rule continued:

> (2) An order or judgment of a trial court reviewable in the circuit court may be reviewed only by an appeal.
>
> (3) This rule does not restrict or enlarge the right of review provided by law or make an order or judgment reviewable if it is not otherwise reviewable.[4]

Former MCR 7.101(C), headed "Manner of Taking Appeal; Appeal of Right" provided, in relevant part:

> (1) *Claim of Appeal.* To appeal of right, within the time for taking an appeal, an appellant must file a claim of

---

[3] The statute provides one exception to this rule: "All appeals from final orders and judgments based upon pleas of guilty or nolo contendere shall be by application." MCL 600.8342(4).

[4] The current MCR 7.101(A) simply states: "Scope of Rules. The rules in this subchapter govern appeals to the circuit court."

appeal with the circuit court clerk and pay the fee, if required by law. The parties are named in the same order as they appeared in the trial court, but with the added designation "appellant" or "appellee". The claim must state:

"[*Name of aggrieved party*] claims an appeal from the [*judgment or order*] entered [*date*] in [*name of the trial court*]."

Other than these provisions, the prior court rules did not address the scope of the circuit court's appellate jurisdiction.

Currently, MCR 7.103(A)(1) affords the circuit court jurisdiction "of an appeal of right filed by an aggrieved party" from "a final judgment or final order of a district or municipal court[.]" MCR 7.203(A)(1), governing appeals as of right in this Court, has provided at all relevant times for jurisdiction in an appeal as of right "filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court . . . ."

The former version of the court rules governing appeals from the district to the circuit court did not use the term "aggrieved party" to describe who may claim an appeal, other than the reference in MCR 7.101(C)(1). Nevertheless, it is appropriate to evaluate Tindall's ability to bring an appeal under the "aggrieved party" rubric, as it generally applies to any appeal. This conclusion is buttressed by the Supreme Court's 2006 decision in *Federated Ins Co*, 475 Mich 286.

In *Federated Ins Co*, 475 Mich at 288, the Supreme Court considered whether the Attorney General could appeal as an intervenor in the Supreme Court "when the named losing parties did not themselves seek review in this Court." In answering this question in the negative, the Supreme Court employed three legal analyses:

"standing, the 'aggrieved party' concept, and what constitutes a justiciable controversy." *Id.* at 290.

Standing, the Supreme Court explained, "refers to the right of a party plaintiff *initially* to invoke the power of the court to adjudicate a claimed injury in fact." *Id.* In the appellate context, "a similar interest is vindicated by the requirement that the party seeking appellate relief be an 'aggrieved party' under MCR 7.203(A) and our case law." *Id.* at 290-291. Thus, the Supreme Court equated standing to bring suit as a plaintiff with being an "aggrieved party" as an appellant.

" 'To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency.' " *Id.* at 291, quoting *In re Estate of Trankla*, 321 Mich 478, 482; 32 NW2d 715 (1948). The Supreme Court continued:

> An aggrieved party is not one who is merely disappointed over a certain result. Rather, to have standing on appeal, a litigant must have suffered a concrete and particularized injury, as would a party plaintiff initially invoking the court's power. The only difference is a *litigant* on appeal must demonstrate an injury arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case. [*Federated Ins Co*, 475 Mich at 291-292 (emphasis added).]

In addition to satisfying these "aggrieved party" requirements, an appellant must also demonstrate that the underlying controversy is justiciable.

> [I]f a court would not otherwise have subject matter jurisdiction over the issue before it or, if the issue is not justiciable because it does not involve a genuine, live controversy between interested persons asserting adverse

claims, the decision of which can definitively affect existing legal relations, a court may not declare the rights and obligations of the parties before it. [*Allstate Ins Co v Hayes*, 442 Mich 56, 66; 499 NW2d 743 (1993).]

By virtue of an order granting, denying, or setting fees, an attorney (or a receiver) gains a pecuniary interest in such a court ruling. Because Tindall received less remuneration than he sought, he suffered "a concrete and particularized injury" arising from the district court's order. *Federated Ins Co*, 475 Mich at 291.[5] This injury arose from the actions of the district court's judgment rather than from the underlying facts of the case. Accordingly, pursuant to *Federated Ins Co*, Tindall is an aggrieved party with standing to appeal.

GIC first contends that Tindall is not an "aggrieved party" because he failed to move for intervention in the underlying action. Indeed, there are cases positing that intervention is a necessary prerequisite for appellate standing, such as *American States Ins Co v Albin*, 118 Mich App 201, 210; 324 NW2d 574 (1982). *American States* arose from a personal injury action involving a fight between two children. The defendant's insurance company filed a separate action seeking a declaratory judgment under its policy. *Id.* at 204-205. The plaintiff in the underlying action (John Kuehne, the father of the injured minor) attempted to intervene in the declaratory judgment action but did so untimely, one day after summary disposition had been granted in favor of the insurance company. *Id.* at 205. This Court held that the trial court did not err by denying the application for

---

[5] To the extent that the standing doctrine announced in *Lansing Sch* may apply to the determination of an "aggrieved party" under the court rules, Tindall would certainly meet the less stringent standard of establishing that he suffered a "special injury" and was "detrimentally affected in a manner different from the citizenry at large . . . ." *Lansing Sch*, 487 Mich at 372.

intervention, and refused to consider on appeal whether the trial court had incorrectly granted summary disposition: "Since plaintiff Kuehne never perfected his status as an intervening defendant in the declaratory judgment action, he is not an aggrieved party within the meaning of GCR 1963, 806.1 and therefore has no right to appeal to this Court." *Id.* at 209-210.

The intervention cases are readily distinguishable from cases involving claims for attorney or receivership fees. In *American States*, Kuehne had an interest in the subject of the declaratory judgment action itself: the question whether coverage existed. Here, Tindall had no interest in Abel's claim until the district court issued an order denying part of the fees he had requested. Furthermore, intervention is simply not a necessary prerequisite for standing to appeal an attorney fee award.

The Supreme Court has repeatedly recognized that, in certain situations, attorneys may seek payment for services without becoming parties to the litigation. In *Merkel v Long*, 372 Mich 144, 154-155; 125 NW2d 284 (1963), the Supreme Court permitted attorneys who had litigated the rights of various claimants to an estate to seek payment of their fees from the trust corpus despite that the attorneys were not parties of record in the underlying action. It bears emphasis that in cases involving postjudgment attorney fee disputes, an individual attorney's interest arises only *after* entry of an order distributing fees, which generally occurs long after the underlying dispute has been adjudicated or settled. See, e.g., *Reynolds v Polen*, 222 Mich App 20; 564 NW2d 467 (1997). At that point, it makes little sense to require a disgruntled attorney (or receiver) to formally seek intervention in a case that has otherwise closed.

Moreover, postjudgment orders awarding attorney fees or costs constitute final orders appealable as of right under MCR 7.203(A)(1). See *West Mich Mech, Inc v West Mich Mech Servs, LLC*, 480 Mich 916 (2007). And although MCR 7.203(A)(1) governs appeals to this Court, we perceive no logical reason that a different rule should apply in appeals from the district to the circuit court.

Analogous federal caselaw also does not support GIC's mandatory intervention argument. In *Devlin v Scardelletti*, 536 US 1, 3; 122 S Ct 2005; 153 L Ed 2d 27 (2002), the United States Supreme Court considered whether the petitioner, a participant in a retirement plan, could appeal the approval of a class action settlement despite that the petitioner was not a named class representative and had unsuccessfully moved to intervene in the litigation. The Supreme Court first observed that the petitioner clearly had an interest in the settlement, satisfying the federal constitutional standing requirements. *Id.* at 6-7. Nor did the petitioner's failure to gain status as a "party" to the underlying litigation doom his ability to appeal: "We have never . . . restricted the right to appeal to named parties to the litigation." *Id.* at 7. In the cases cited by the Court as support for this proposition, the appellants were parties "only in the sense that they were bound by the order from which they were seeking to appeal." *Id.* at 8. The term "party," the Supreme Court noted, "does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." *Id.* at 10. Thus, "nonnamed class members are parties to the proceedings in the sense of being bound by the settlement." *Id.* The *Devlin* petitioner's interest therefore sufficed to allow his appeal.

GIC next invokes *Federated* as support for its argument that because neither Abel nor GIC elected to appeal the district court's order, Tindall's claim for fees is not justiciable. GIC misapprehends *Federated*. There, the Supreme Court held that the *merits* of the case ceased to be justiciable once the parties failed to appeal from precisely the same order that the Attorney General then sought to challenge. Here, Tindall seeks appellate consideration of an entirely different controversy. Tindall's claim is justiciable because it constitutes a genuine, live dispute arising from an issue separate from the amount of the judgment. And an appellate ruling concerning Tindall's fees and costs will not alter the terms of that judgment.

Ironically, GIC itself previously espoused a position directly supporting Tindall's right to directly beseech the court for its requested fees. As noted, Tindall challenged GIC's standing to contest its fee request in the district court. In response to Tindall's argument, GIC asserted:

> It is both unsupported and unsupportable to take the position that it is only the Receiver that can interact with the Court, the decision maker as to the question of the fees and costs prayed for by that receiver. Surely, when other parties are clearly impacted by that consideration and determination, to deny them a voice and position belies the concept of due process. Who is to be paid, what is to be paid, in what amounts, and, in what order, each and all are within the sole discretion of the Court. Respectfully, the Court has the right and the obligation to consider all voices raised in support and objection to those elements of relief.

While Tindall was not a named party in the underlying action, he has a special, concrete, and particularized interest no different than GIC's asserted "right" to weigh in on "the question of the fees and costs." That said, we agree with GIC that Tindall lacks the power to

bootstrap nonparty appellees to his claim. In Tindall's circuit court claim of appeal he named "Gordon Grossman and all Related persons/Entities" as appellees. Grossman is a principal of GIC. However, Grossman was not a party to the underlying lawsuit and has not consented to the court's jurisdiction over him personally. Tindall has no legal basis for naming a new, previously uninvolved party in this appeal.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

GLEICHER, P.J., and BECKERING and SHAPIRO, JJ., concurred.