**STATE OF MICHIGAN**
**COURT OF APPEALS**

DIANE HARRIS,

        Plaintiff-Appellant,

v

GREEKTOWN SUPERHOLDINGS, INC.,
GREEKTOWN CASINO, L.L.C., and CAROLYN
SIMANCIK,

        Defendants,

and

BARRY A. SEIFMAN and BARRY A.
SEIFMAN, P.C.,

        Defendants-Appellees.

UNPUBLISHED
August 20, 2015

No. 322088
Wayne Circuit Court
LC No. 12-003001-CD

Before: OWENS, P.J., and SAAD and GADOLA, JJ.

PER CURIAM.

Appellant Diane Harris appeals as of right from an order dismissing her case with prejudice. Because Harris lacks standing to assert this appeal, we conclude that we have no jurisdiction and therefore dismiss Harris's case.

## I. PROCEDURAL HISTORY

In March 2012, Harris, assisted by attorney Raymond Guzall III, filed a lawsuit against Greektown Casino, LLC, Greektown Superholdings, Inc., and Carolyn Simancik (collectively "Greektown Casino"), asserting claims of racial discrimination, hostile work environment, age discrimination, retaliation, and intentional infliction of emotional distress. In November 2013, a jury returned a verdict in favor of Harris for $600,066. Thereafter, Harris filed a motion requesting entry of judgment and an award of attorney fees and costs.

After the jury returned its verdict but before the trial court entered judgment or awarded attorney fees or costs, appellees, Barry A. Seifman and Barry A. Seifman, P.C., formerly known as Seifman & Guzall, P.C., filed a motion to intervene in Harris's case, asserting a right to any attorney fees awarded. According to appellees, in 2006, Guzall and appellees executed a stockholder agreement expressly providing that in the event Guzall ended his employment with

-1-

Seifman & Guzall, P.C., all client files would remain the property of the firm. In February 2012, Guzall tendered notice that he was leaving the firm. Appellees asserted that when Guzall left, he took several client files and court documents, including the file regarding Harris's case, in violation of the 2006 stockholder agreement.

Shortly after Guzall left the firm, appellees initiated litigation against him in the Oakland Circuit Court. In March 2012, the Oakland Circuit Court issued a stipulated order stating, "Any attorney fees and or cost reimbursements . . . paid to Plaintiffs or Defendants, whether directly or indirectly, from or on behalf of any of the following clients, shall be deposited into an interest bearing escrow account maintained by the Court." Harris was not listed among the "following clients" covered by the Oakland Circuit Court's March 2012 order. According to appellees, Harris was not listed because Guzall improperly concealed his relationship with Harris. Therefore, appellees argued, intervention in Harris's case was necessary to protect their interest in any attorney fees awarded.

Following a hearing, the trial court granted appellees' motion to intervene and ordered that any attorney fees awarded would be held in escrow with the Wayne Circuit Court. In January 2014, appellees requested that the trial court refer the issue of entitlement to attorney fees to the Oakland Circuit Court, where the other disputes between Guzall and appellees were pending. The trial court granted appellees' motion and referred the attorney fee dispute to the Oakland Circuit Court. Thereafter, the Court entered judgment on Harris's jury verdict, awarded $50,000 in attorney fees, and dismissed the case with prejudice.

## II. DISCUSSION

On appeal, Harris asserts that the trial court improperly allowed appellees to intervene as of right in the litigation to assert an interest in any attorney fees awarded. We agree that the trial court abused its discretion[1] in allowing appellees to intervene. MCR 2.209(A)(3) states that, on timely application, intervention as of right is appropriate

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Appellees did not have "an interest relating to the property or transaction which is the subject of the action." Harris's employment discrimination claims were the subject of the lawsuit below. Appellees' claims of entitlement to the attorney fees awarded in Harris's case were based on breach of contract principles that were unrelated to the legal questions presented in Harris's case, and which only applied against Guzall, who was not a party to the proceedings. See *Precision Pipe & Supply, Inc v Meram Constr, Inc*, 195 Mich App 153, 157; 489 NW2d 166 (1992)

---

[1] We review a trial court's decision on a motion to intervene for an abuse of discretion. *Hill v LF Transp, Inc*, 277 Mich App 500, 507; 746 NW2d 118 (2008).

("[I]ntervention may not be proper where it will have the effect of delaying the action or producing a multifariousness of parties and causes of action."). Appellees' motion to intervene was also untimely, as they waited over one year and eight months to file their application despite obvious knowledge of Harris's case. See *Prudential Ins Co of America v Oak Park Sch Dist*, 142 Mich App 430, 434; 370 NW2d 20 (1985) ("[A]n intervenor must be diligent, and any unreasonable delay after knowledge of the action will justify a denial of intervention where no satisfactory excuse is shown for the delay.").

Further, appellees did not have standing to intervene. See *Karrip v Cannon Twp*, 115 Mich App 726, 732; 321 NW2d 690 (1982) (holding that a party must demonstrate standing to intervene as of right in a lawsuit). "[A] litigant has standing whenever there is a legal cause of action" or when a court determines, in its discretion, that the litigant has a substantial interest "that will be detrimentally affected in a manner different from the citizenry at large." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010). Appellees did not have an interest in the outcome of Harris's lawsuit inasmuch as it involved her claims of employment discrimination against Greektown Casino, and they did not have a legal cause of action against Harris. Rather, appellees sought intervention to assert breach of contract claims against Guzall, who was not a party to the proceedings. Appellees have not shown that their potential interest in the attorney fees would be detrimentally affected by disposition of Harris's lawsuit, and they have not provided any reason why they could not have added this dispute to their pending litigation against Guzall in the Oakland Circuit Court. Under these circumstances, the trial court abused its discretion in allowing appellees to intervene.

Despite the trial court's obvious error, we cannot grant the relief now requested by Harris because she lacks appellate standing to bring this appeal. "In order to have appellate standing, the party filing an appeal must be 'aggrieved.' " *Manuel v Gill*, 481 Mich 637, 643; 753 NW2d 48 (2008). Our Supreme Court clarified the standard governing appellate standing as follows:

> An aggrieved party is not one who is merely disappointed over a certain result. Rather, to have standing on appeal, a litigant must have suffered a concrete and particularized injury, as would a party plaintiff initially invoking the court's power. The only difference is a litigant on appeal must demonstrate an injury arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case. [*Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 291-292; 715 NW2d 846 (2006) (footnotes omitted).]

"A party who could not benefit from a change in the judgment has no appealable interest." *Id.* at 291 n 2 (citations and quotation marks omitted). Further, " '[t]o be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency.' " *Id.*, quoting *In re Trankla's Estate*, 321 Mich 478, 482; 32 NW2d 715 (1948). If a court determines that an appellant lacks standing, it must "recognize its lack of jurisdiction and act accordingly by staying proceedings, dismissing the action, or otherwise disposing thereof, at any stage of the proceeding." *In re Fraser's Estate*, 288 Mich 392, 394; 285 NW 1 (1939).

We conclude that Harris lacks standing to bring this appeal because she did not suffer a concrete and particularized injury resulting from the action of the trial court granting appellees' motion to intervene, and because she would not gain a pecuniary benefit if the Court grants the relief she now requests. On appeal, the only issues raised concern whether Guzall or appellees were entitled to the attorney fees awarded, and whether the trial court properly allowed appellees to intervene below. The trial court's award of attorney fees was wholly distinct from the entry of judgment on Harris's jury verdict; thus, resolution of these issues will not have any effect on the judgment entered in favor of Harris, or on the final amount of money Harris will recover as a result of her lawsuit against Greektown Casino.

Guzall, rather than Harris, was the aggrieved party with standing to appeal in this matter. In *Matthew R Abel, PC v Grossman Investments Co*, 302 Mich App 232; 838 NW2d 204 (2013), this Court addressed whether an attorney who was not a party to the lower court proceedings had appellate standing to challenge a postjudgment award of attorney fees. The Court determined that the attorney was an aggrieved party under the standard articulated in *Federated Ins Co*, 475 Mich at 291-292, because he suffered a concrete and particularized injury arising from the lower court's order, and because he had a pecuniary interest in any order affecting attorney fees. *Matthew R Abel, PC*, 302 Mich App at 241. The panel further determined that the attorney was not required to intervene in the underlying action to have appellate standing. *Id.* at 244-245. In this case, the claim of appeal lists Harris, not Guzall, as the appellant. Because Harris does not have a pecuniary interest in the outcome of this proceeding, she is not an aggrieved party and we lack jurisdiction over this appeal. *Federated Ins Co*, 475 Mich at 291 n 2; MCR 7.203(A).

Harris's claim of appeal is dismissed.

/s/ Donald S. Owens
/s/ Henry William Saad
/s/ Michael F. Gadola

-4-