*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LARRY A. CLINGMAN,

　　　　　Plaintiff-Appellee,

v

ROBERT HARRIS and DOLORES HARRIS,

　　　　　Defendants-Appellants.

UNPUBLISHED
July 25, 2019

No. 343090
Ogemaw Circuit Court
LC No. 15-659831-CH

Before: O'BRIEN, P.J., and FORT HOOD and CAMERON, JJ.

PER CURIAM.

Defendants appeal as of right the trial court's order enforcing a judgment in favor of plaintiff. In its original judgment—issued in October 2016—the trial court determined that defendants were obstructing plaintiff's use of a 66-foot-wide easement created for ingress and egress over defendants' property. The court ordered defendants to clear their obstructions, and defendants seem to have largely complied with that order. After defendants failed to comply fully, however, plaintiff filed a motion to enforce the judgment. The trial court granted the motion and defendants appealed. Because defendants' arguments on appeal focus on the court's original judgment, and because defendants failed to timely appeal that judgment, we affirm.

## I. FACTUAL BACKGROUND

Plaintiff and defendants own neighboring lots in Ogemaw County. For several decades, defendants' property has been subject to a 66-foot-wide easement that was created for ingress and egress to and from plaintiff's property. Plaintiff regularly exercises his right to use the easement, frequently traveling over a small, approximately 15-foot-wide trail road that exists on the easement. In November 2015, plaintiff sought an injunction against defendants, complaining that defendants' were impeding his use of the easement and his ability to make improvements on the trail road. Plaintiff contended that defendants had placed feeding bowls, chicken coops, and other large objects on the easement that inhibited plaintiff's ability to access his property. The feeding bowls in particular caused masses of chickens to congregate on the road, blocking plaintiff's ingress and egress.

-1-

Following a bench trial, in October 2016, the trial court ordered defendants to remove all manufactured objects obstructing the easement, enjoined defendants from constructing or placing new objects inside the easement, and enjoined defendants from allowing flocks of fowl to interfere with plaintiff's use of the easement for ingress and egress. In November 2016, plaintiff filed a motion to enforce the judgment, claiming that, not only had defendants allowed obstacles to remain on the easement, defendants had placed additional objects on the easement that prevented plaintiff from using it. The trial court gave defendants until June 1, 2017, to clear their obstructions.

In July 2017, plaintiff filed a second motion to enforce the judgment, contending that he was still unable to use and improve the trail road because, although defendants had removed some obstructions, others remained. At the hearing on plaintiff's motion, plaintiff noted that defendants had moved most of their chickens, and that the only remaining obstructions included some horse fencing and corrals. A surveyor testified and confirmed that objects remained on the easement in violation of the court's original judgment. In March 2018, the trial court ordered defendants to remove the horse fencing and any other structures that remained on the easement, and ordered defendants to pay plaintiff's attorney fees for necessitating the filing of the motion to enforce. Defendants appealed.

## II. DISCUSSION

On appeal, defendants argue that they should be permitted to leave objects and structures in the easement that do not interfere with plaintiff's use of the easement and that they should be allowed to let their chickens cross the easement. Defendants' arguments, however, are challenges to the trial court's original judgment against them, and we note that defendants did not properly appeal that judgment. We therefore lack subject-matter jurisdiction to review those issues. See *Federated Ins Co v Oakland County Road Comm*, 475 Mich 286, 294-295; 715 NW2d 846 (2006) (an issue ceases to be justiciable when a party fails to timely appeal); *Matthew R Abel, PC v Grossman Investments Co*, 302 Mich App 232, 240-241; 838 NW2d 204 (2013) (an appellant must demonstrate that an underlying controversy is justiciable for the reviewing court to have subject-matter jurisdiction). See also *Surman v Sumran*, 277 Mich App 287, 294; 745 NW2d 802 (2007) ("When a final order is entered, a claim of appeal from that order must be timely filed. A party cannot wait until the entry of a subsequent final order to untimely appeal an earlier final order.").

The only issues properly presented on appeal—and we note that defendants only raise these issues tangentially—are whether the trial court properly ordered defendants to remove the horse fencing and other remaining obstacles encroaching on the easement, and whether the court was permitted to award plaintiff $800 in attorney fees. "[A] trial court has the inherent and statutory authority to enforce its orders." *Davis v City of Detroit Fin Review Team*, 296 Mich App 568, 623; 821 NW2d 896 (2012), citing MCL 600.611, and MCL 600.1715. "An exercise of the court's 'inherent power' may be disturbed only upon a finding that there has been a clear abuse of discretion." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006) (quotation marks and citation omitted). "A trial court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes." *Anderson v Progressive Marathon Ins Co*, 322 Mich App 76, 83-84; 910 NW2d 691 (2017), citing *Maldonado*, 476 Mich at 388.

At the hearing on plaintiff's second motion to enforce the judgment, plaintiff testified that defendants had generally cleared their obstructions of the easement, and that the only remaining obstructions were some remaining corrals and fencing. Defendants, who did not attend the hearing, provided no evidence to contradict plaintiff's testimony, and we note that the trial court's order that defendants remove the objects was consistent with its original judgment ordering the removal of *all* obstructions from the entirety of the easement. Because the trial court's initial judgment ordering the removal of all obstructions from the entirety of the easement is final, and without any evidence to contradict plaintiff's assertion that the corrals and fencing were obstructing his use of the easement, we cannot conclude that the trial court's enforcement order was outside the range of reasonable and principled outcomes. Similarly, with defendants having failed to comply fully with the trial court's original judgment *and* initial enforcement order, we cannot conclude that the court abused its discretion in exercising its inherent authority to sanction defendants with the costs plaintiff necessarily incurred for defendants' failures. See *Persichini v William Beaumont Hosp*, 238 Mich App 626, 639; 607 NW2d 100 (1999) (explaining that trial courts have an inherent authority to sanction litigants for misconduct).

Affirmed. Plaintiff, as the prevailing party, may tax costs under MCR 7.219.

/s/ Colleen A. O'Brien
/s/ Karen M. Fort Hood
/s/ Thomas C. Cameron